ANTONIO COLLINS, APPELLANT, VS. NICHOLAS H. MITCHELL, APPELLEE.

1. In an action against C. as a surety for S. in a replevin bond, conditioned for the re-delivery of the property attached, to abide the final order of the Court, he pleaded that at the time of, and prior to the institution of the original suit by attachment, S., the defendant therein, and the principal in the replevin bond, was dead: HELD, That the matter set up in such plea does not constitute a sufficient bar to the action; that C. is estopped by the bond, as well as by the judgment in the original suit, to aver the death of S. prior thereto.

2. Estoppel, *by deed*, concludes the party executing it, not only as to the very point intended to be effected by the instrument, but also as to any fact stated or recited in it.

3. Judgments and decrees, as estoppels, conclude parties and privies only. The ground on which persons standing in the relation of *privity* to the litigating party are bound by the proceedings to which he was a party, is that they are identified with him in interest; and whenever this identity is found to exist, all alike are concluded. Where, therefore, one binds and obliges himself that the defendant in an attachment suit would cause the property levied upon, and replevied by the said ¡bond, to be forthcoming to abide the final order of the Court in the said suit, he connected himself *in privity* with the proceedings therein, and made the record of the judgment conclusive evidence against him.

4. Wherever the matter of the estoppel is apparent on the face of the record, advantage may be taken thereof upon demurrer.

5. The death of a party defendant pending the suit, and before judgment therein does not render such judgment void, but merely voidable, upon a writ of error *coram vobis*.

Appeal from Escambia Circuit Court.

This was an action of debt upon a replevin bond, insti-

tuted by the appellee against appellant. The material facts presented by the record will be found in the opinion of the Court, to which reference is made.

*Long* and *Baker* for appellant.

*Campbell* for appellee.

THOMPSON, J.:

This was an action of debt, which was prosecuted in the Court below by the respondent against the appellant, as one of the sureties in a replevin bond. The original suit was brought by the appellee against the firm of John N. C. Stockton & Co., and the attachment issued therein was levied upon certain slaves, as the property of the defendants, which slaves were replevied upon a bond executed by the said firm of John N. Stockton & Co., by their attorney W. T. Stockton, and by Hanson Kelly and the appellant as sureties thereto. The declaration in the present case is in the usual form, setting forth the issue and the levy of the attachment upon certain slaves, specified by name; the release of the property upon the bond; the prosecution of the original suit to final judgment and execution; a return of *nulla bona* by the proper officer on the writ of *fieri facias*, and the breach of the condition of the bond, "that the said John N. C. Stockton & Co. did not " cause the said slaves (therein named) to be forth-coming, "to abide the final order of the Superior Court for the " County of Walton, according to the tenor and effect of " the writing obligatory, &c., although often requested, &c."

The appellant, *inter alia*, craved oyer of the bond, and the same being set out, pleaded "that at the time of and " prior to the institution of the said suit by attachment, in " the said Superior Court of Walton County, to-wit: on

"the 20th day of November, A. D., 1839, the said John
"N. C. Stockton had departed this life; *absque hoc*, that
"there was any other suit or proceeding in the said Supe-
"rior Court of Walton County against the said John N.
"C. Stockton," and concluded with a verification.

To this plea the plaintiff below replied, "that Richard
"C. Stockton and William B. Stokes, as surviving part-
"ners of the firm of John N. C. Stockton & Co., appeared
"and pleaded to said attachment suit in the plaintiff's
"declaration mentioned, and that the judgment in the
"said plaintiff's declaration mentioned was rendered in
"the said attachment suit against the said surviving part-
"ners, in and by the name and style of John N. C. Stock-
"ton & Co." To this replication there was a demurrer and
joinder therein, on which the judgment of the Court below
was against the demurrer, and it is upon alleged errors in
this judgment that the present appeal is founded.

No attempt is made in this Court to sustain the replica-
tion against the force and effect of the appellant's demur-
rer; but the respondent, invoking the familiar principle
that a demurrer opens all the previous pleading, avers
that the plea is insufficient upon various grounds, some of
which will be noticed hereafter.

In like manner the counsel for appellant, in addition to
his support of the plea, contends that the declaration does
not show a sufficient cause of action, because of the uncer-
tainty and consequent invalidity of the defeasance or con-
dition of the bond, which point being considered first in or-
der, will be first disposed of.

It is argued that as the recital in the condition of the
bond does not mention the number, names, sex or ages of
the slaves levied upon, but simply recites "that whereas
"the said Nicholos H. Mitchell has sued out of the Supe-
"rior Court of Walton County an attachment against the

" said J. N C. Stockton & Co.," it is void for uncertainty. We do not regard this objection as well taken. The slaves levied on were sufficiently described by their names in the levy of the officer, which was endorsed upon, and as his return, to the writ of attachment, and according to the familiar rule of logic, as well as law, in the interpretation of all writings, *id certum est quod certum reddi potest.* The condition of the bond is made perfectly certain and definite by a reference to the return to the writ of attachment, which shows what slaves and how many were levied upon. The writ of attachment, the action of the officer endorsed thereon, and the replevin bond, when executed, are all integral parts of the record of the suit, and the former may be referred to, for the purpose of rendering certain anything which is uncertain or indefiinte in the latter.

We now proceed to the consideration of the plea. It is urged by the counsel for the appellant, in support of the plea, that the fact alleged therein, namely, the death of John N. C. Stockton, before the institution of the suit, renders the judgment void for want of notice ; that if void as to him, it is void as to his co-partners, even if they had been sued in the original action properly, by their individual names, and not under the terms " & Co.," as he supposes the record to be, and therefore there has not been any " final order of the Court," which, according to the condition of the bond, the appellant had covenanted to abide by. And on the other hand, it is contended, on the part of respondent, that the appellant is estopped by his bond, as well as by the judgment rendered, to allege the fact of the death of John N. C. Stockton before the institution of the suit; and that, if he is in a position to make the defence, still it does not render the judgment void, but voidable only ; and that the effect of the judgment cannot be voided thus collaterally, but only by the regular modes

of examination which are provided for the investigation of real or imputed error in judicial proceeedings.

The law of estoppel, says Mr. J. Taunton, in Bowman vs. Taylor, (2 Add. El. R., 278,) is not so unjust or absurd as it has beeen too much the custom to represent. The principle is, that where a man has entered into a solemn engagement, by and under his hand and seal, as to certain facts, he shall not be permitted to deny any matter which he has so asserted. And not only is the deed conclusive, on the party executing it, as to the very point intended to be effected by the instrument, but also as to any facts stated or recited in it. 2 Smith Lead. Ca., 456, and authorities cited. The party is denied the right of setting up the truth whenever it is in plain and clear contradiction to his former allegations and acts.

The appellant here, on the 13th January, 1840, and after the institution of the original suit, and the levy of the attachment, joins with John N. C. Stockton & Co., and as one of the sureties, in the making and delivery of the replevin bond, as if the said John N. C. Stockton was in life and being, and thus procures the release of the property levied upon under the attachment; and shall he be permitted now to aver that the same John N. C. Stockton was not only then dead, but was so before the institution of the suit? The inconsistency and contradiction between this allegation and the act of joining with John N. C. Stockton in the execution of the bond, is so glaring that it need only be stated to be apparent. Counsel have endeavored to avoid the effect of this estoppel by urging that the bond does not profess to be executed by John N. C. Stockton in his proper person, but that John N. C. Stockton & Co. executed it by their attorney, W. T. Stockton. This fact makes no difference. A dead man can no more have an attorney in fact than he can be a party to a suit

in Court.   As a prudent man, it is to be presumed the appellant was careful to see that the agent or attorney was duly constituted to act for his principal, and ignorance of the rule of law, that death revoked the power, will not excuse him.   Such an excuse is not permitted to be alleged in a Court of Justice.

The doctrine of estoppel by deed is generally recognized and enforced in the United States, as well as in England. See cases collected in 2 Smith Lead. Ca., 555.   Thus in Cutler vs. Dickinson, 8 Pick. R., 387, the obligors in an administration bond were held to be estopped by the recital therein that their principal had been regularly appointed administrator.   The replevin bond being the foundation of the action, and the declaration alleging, in the terms of the instrument, that it was made and delivered by the defendant, and the other obligors, the estoppel is apparent on the face of the record, and advantage may therefore be taken of it on the demurrer.   Browman vs. Taylor, 2 Ad. & E. R., 278; Hill vs. Manchester Water-works Co., 2 Barn. & Ad. R., 244; and see Veale vs. Warner, 2 Wms. Saunders R., 325, a. n.   The conclusion therefore, which we have reached is, that the appellant is estopped by his deed from asserting the fact, although it may be true, that before and at the time of the execution of the bond, John N. C. Stockton was dead.   And this relieves the Court from the necessity of considering the question so elaborately discussed at the bar, whether the judgment of a Court of general jurisdiction may be collaterally impeached by matters *dehors* the record, as to its jurisdiction over the person of the parties; or whether the defect of jurisdiction of the person must appear on the face of the record, to entitle it to consideration; or whether, if such Court of general jurisdiction assumes authority to act, and pronounces a judgment, such authority can be inquired

46

into at all, but is absolutely binding on the parties, &c., until set aside by the tribunal in which it was rendered, or regularly reversed on error. We therefore pass them by, without intimating any opinion how far the decisions of the American Courts have innovated upon the rule of the common law, and to what extent they should be considered as persuasive arguments in the estimation of this Court. We will simply remark that the decision of this Court in Carter vs. Bennett, (4 Fla, R., 345,) cited and relied upon by counsel for appellant, does not, in our opinion, touch the question discussed. In that case the question was whether a decree rendered in a foreclosure suit against the mortgagor was conclusive against Bennett, who claimed to be the assignee of the right or equity of redemption in the mortgage property, and who was not a party to the suit. Judgments and decrees are conclusive only as against parties and privies, and the Court in the case cited, deeming the assignee *a stranger* to the record, held that the proceedings were open to his impeachment. The difference, is too obvious to need further remark.

The appellant being estopped by his deed from asserting the death of his co-obligor, John N. C. Stockton, before and at the time of its execution, and as the Superior Court of the late Territory of Florida was a Court of general jurisdiction, this Court, acting upon the maxim, *omnia presumuntur rite esse acta,* must presume a jurisdiction of that Court over the persons of John N. C. Stockton & Co., up to the time of the execution of the replevin bond, and we will now proceed to the consideration of the plea, as an averment of the death of John N. C. Stockton, intermediate the execution of the bond and the rendition of the judgment in the attachment suit. It is considered by respondent's counsel that in this view the plea is liable to two objections—1st. That the appellant is estopped by

the judgment; and 2d. If he is not so estopped, the fact asserted as to the death of John N. C. Stockton before the judgment, does not render it void, but voidable merely.

Both objections we think well taken, and either would suffice to prove that the plea in this regard is bad in substance. It is true as urged by the counsel for the appellant, that he was not a party to the judgment, but it is equally true that he was *in privity* with the defendants therein, and concluded with them by its force and effect. The ground upon which persons standing in the relation of *privity* to the litigating party are bound by the proceedings to which he was a party, is, that they are identified with him in interest, and whenever this identity is found to exist, all are alike concluded. Thus, if one covenants for the results or consequences of a suit between others, as if he covenants that a certain mortgage assigned by him shall produce a specific sum, he thereby connects himself in privity with the proceedings, and the record of the judgment in that suit will be conclusive evidence against him. 1 Greenl. on Ev., § 523; Rapelye vs. Prince, 4 Hill N. Y. Rep., 119. So, in the case at bar, the appellant bound and obliged himself to the respondent, and covenanted with him, by the writing obligatory sued upon, that the said defendants in the attachment suit, John N. C. Stockton & Co., would cause the said slaves levied upon, and replevied by said bond, to be forthcoming to abide the final order of the Court in the said suit, and thus connected himself in privity with the proceedings herein, and made the record of the judgment conclusive evidence against him. In Bacon's Abr., tit. Error, A., it is laid down, " if a man recovers against " the principal, and sues a *scire facias* against the bail, " they cannot say the principal died before the judgment, " and so by plea avoid the judgment, for it is against the " record."

The death of a party before the judgment rendered, does not make the judgment void, but it is an error of fact, for which the same may be recalled or revoked by writ of error, returnable in the same Court where the record remains, called a writ of error *coram vobis*, or *qua coram vobis resident;* for error in fact is not the error of the Judges, and reversing it is not reversing their own judgment. 2 Tidd Pr., 1136-'7; Com. Dig. Pleader, (3 B. 1;) Day vs. Hamburg, 1 Browne Pa. R., 75, 82; Dewitt vs. Post, 11 Johns. R., 460. The distinction between a thing, whether record or deed, &c., which is void and that which is voidble, is familiar to every one. The judgment which is voidable, is a subsisting judgment, good and effectual until revoked or reversed, which cannot be done collaterally, but only by a direct proceeding instituted for the purpose. " If a judgment is only voidable, the party shall not void " it without writ of error ; as if in a *cui in vita* the tenant " dies, and afterwards judgment is against him, which is " erroneous, and execution is sued against the heir, he " shall not avoid the judgment in assize without error. 1 " Rol. 742, 1. 12 ; so, in a *scire facias* by executor upon a " judgment in ejectment by his testator against B., execu- " tion shall not be avoided, nor judgment stayed, by say- " ing that the tenant died *pendente lite ;* for he ought to " avoid it by error. 1 Rol. 742, 1. 18; so, error in the " principal judgment is no plea in a *scire facias* against " the heir or bail. 1 Rol. 742, 1. 26, 30." See Comyn's Dig., Error (D.)

There are other objections to the plea, some of which have been presented in the argument, and others have suggested themselves to the Court in the consideration of the case, but as those which we have passed upon go to the very substance of the matter pleaded, it is deemed unne-

cessary to notice any other. There is no error in the judgment of the Court below, and it should be affirmed.

*Per totam curiam.* The judgment of the Circuit Court of the Western Circuit, sitting in the County of Escambia, rendered in this cause, is hereby affirmed, with costs.