JAMES W. HALL AND LUCIUS M. MERRITT, PARTNERS, AS J.
W. HALL & CO., APPELLANTS, VS. WILLIAM PENNY, AP-
PELLEE.

Unliquidated damages resulting from a tort cannot be made available as
a set off in an action of assumpsit; nor is evidence of such a tort ad-
missible under a plea of set-off of moneys had and received, or moneys
due for goods sold and delivered.

Writ of error to the Circuit Court for Escambia County.
J. W. Hall & Co. brought an action of assumpsit against
William Penny. The declaration contains but one count,
which is for goods sold and delivered. The defendant pleaded
the general issue, and a set-off of moneys due for goods sold
and delivered, and for money had and received by plaintiff
for the use of defendant. By consent a jury was waived
and the case submitted to the court.

Under the plea of set-off, defendant introduced evidence
of an agreement between himself and plaintiff to the effect
that plaintiff agreed to ship a cargo of lumber to St. Marys,
Texas, and to sell it there on his (defendant's) account; that
instead of making the shipment to St. Marys as he was di-
rected, or as he agreed to do, he shipped to Indianola, Texas.

It appears that the net proceeds of the sale of the cargo
of lumber at Indianola was the sum of two hundred and
three dollars and ninety cents, while the defendant testified
that the value of the lumber at Pensacola, the point of orig-
inal shipment, and the place of residence of the plaintiffs for
business purposes, was some eight hundred dollars. The
court in its finding and assessment of damages awarded to
defendant the value at Pensacola, and allowed this as a set-
off to the claims.

The court found for the defendant in the sum of seven
hundred and fifty-eight dollars and sixty-nine cents. There
was a motion for a new trial by plaintiff, which being denied,
a judgment was entered for the sum mentioned. To that

judgment this writ of error is prosecuted, and the error here assigned is the overruling of that motion.

The grounds upon which the motion was based in the Circuit Court were—

*First*—Because the finding of the court was contrary to the evidence.

*Second*—Because it was contrary to the law.

*Third*—On the ground of newly discovered evidence.

*Fourth*—Because the plaintiff was taken by surprise in the introduction of evidence which he could not anticipate, and which he is prepared conclusively to refute.

*C. C. Yonge* for Plaintiff in Error.

*C. W. Jones* for Defendant in Error.

WESTCOTT, J., delivered the opinion of the court.

Defendant could have been entitled to set-off the amount allowed by the court in this case only upon one hypothesis, viz : That plaintiff's conduct was of such character as gave him a right of action in which the measure of his damage was the value of this lumber at Pensacola. If defendant has any right of action in this matter, his remedy is either an action on the case for a wrongful sale or trover for a conversion. This is not the proper subject matter of a set-off, and the evidence to establish the tort was inadmissible under a plea of set-off of money had and received, or moneys due for goods sold and delivered. In this action defendant may have waived the tort, and under his plea of set-off for moneys had and received he may have perhaps been entitled to set-off the proceeds of sale at Indianola. 2 Greenlf. Ev., 117, 120; 5 Pick., 285; 10 Pick., 161; 3 Gray, 260; 7 Cush., 442; 5 Met., 73. This sum he might have recovered in an action of assumpsit, and we can see no reason why he may not have pleaded it as a set-off. If he does not desire to accept this sale as the measure of his damage, then he must

bring such independent action as he thinks appropriate. Had this case actually gone to a jury, the court must have so instructed them as to the law. A verdict of the jury corresponding with the conclusion of the court as to the damages, must have been set aside as contrary to the law of the case. The law as applied to the issues and the evidence, did not justify the allowance of the estimated value of the cargo at Pensacola.

Even in those exceptional cases where the defendant can avail himself by way of set-off of acts of non-feasance or misfeasance of the plaintiff, such a defence does not authorize the court to certify a sum as due by plaintiff to the defendant. Wat. on Set-off, 168.

The action of the court was not in accordance with the law applicable to the facts and pleadings. As to the other matters discussed, which involve a consideration of the facts, we deem it proper to say nothing, as the case must again go to a jury.

Judgment reversed and new trial awarded.