28  617
39  573
28  617
53  39.

E. MOULIE, PLAINTIFF IN ERROR, VS. GEORGE HUGHES ET AL., DEFENDANTS IN ERROR.

1. In an action on a contract that defendants agreed to take and pay for all the perfumes and beverages of plaintiff's manufacture during the period of one year, the breaches alleged were, that defendants, after part performance of said contract, refused to take and pay for goods as therein provided; and defendants pleaded that they had kept and performed all matters and things specified in said contract to be kept and performed on their part. The findings of a referee on the issues of fact thus tendered accorded the same consideration as the verdict of a jury.

2. The acceptance of the finding of the referee as correct that defendants had not violated their contract with plaintiff, renders

it unnecessary to enquire into the extent and measure of plain-
tiff's rights in the uncompleted portion of such a contract.

3. All debts and demands mutually existing between the parties at
the commencement of suit are proper subjects of set-off, but
the terms " debts and demands " refer to matters arising out of
contract express or implied.

Writ of Error to the Circuit Court for Duval
county.

The facts in the case are stated in the opinion.

*Fletcher* and *Wurtz* for Plaintiff in Error.

*John E. Hartridge* for Defendants in Error.

MABRY, J. :

The plaintiff in error was plaintiff in the court below.
The action he brings is trespass on the case on promi-
ses, based upon a written contract, a copy of which is
filed with the declaration. There are three counts in
the declaration. In the first count it is alleged that
defendants agreed to take and pay for, cash upon de-
livery, and at the prices mentioned in the contract, all
the perfumes and beverages which plaintiff should pro-
duce of his own manufacture during the period of one
year, beginning February 6th, A. D. 1884. In consid-
eration of this agreement on the part of defendants,
plaintiff agreed not to sell his said goods to any other
person or persons during said time (with two excep-

tions mentioned); and also agreed that defendants should have the privilege of extending said contract for the period of five years from the 6th day of February, A. D. 1885.

It is also alleged that the prices of a portion of the goods mentioned in the contract were reduced in consideration of an advance of five hundred dollars from defendant to plaintiff, said money to be repaid on the 21st day of April, A. D. 1885. That in pursuance of said contract, and with such facilities as plaintiff then had, and on the order of defendants, plaintiff manufactured and shipped to defendants goods which were accepted and paid for by defendants according to contract.

Plaintiff further avers that thereupon defendants, saying that they desired a larger amount of said goods than the facilities of plaintiff enabled him to manufacture, urged him to increase his capacities for making such goods, and on the 21st day of April, A. D. 1884, advanced him money for the period of one year from said date without interest, to enable him to produce a larger amount of such goods, and promised to take all that plaintiff would manufacture for one year at the prices stated and agreed upon between them.

Plaintiff further alleges that at great cost and expense to himself, to-wit : the sum of fifteen hundred dollars, he extended his facilities for manufacturing said goods, and on the 9th day of June, A. D. 1884, in

pursuance of said contract, made defendants a further shipment of said goods to the amount of two hundred and sixty-five dollars and twenty-six cents, and shortly thereafter defendants notified plaintiff that they would take no more goods, and declined to pay for the goods already shipped according to the terms of the contract.

It is further averred that with the facilities plaintiff then had for manufacturing said goods he could, and was ready to produce, if defendants had continued to comply with their contract, goods to the amount of twenty thousand and eight-two dollars and fifty cents during the year mentioned in said contract, and that the profits thereon to plaintiff, if said goods had been taken and paid for by defendants according to contract, would have amounted to the sum of five thousand and twenty dollars and sixty-two cents.

Plaintiff further averred that the refusal of defendants to take and pay for any more of his goods entailed further loss and damage on him, inasmuch as on account of the contract with defendants plaintiff neglected other means of disposing of such goods as he was manufacturing, and was obliged to dispose of at great loss the materials and appliances then on hand for manufacting said goods, and also to suffer to decay plants, shrubs and flowers used in the production of such goods, all to the great loss and damage of plaintiff, in this respect, to wit : the sum of twelve hundred

dollars, and plaintiff claims eight thousand dollars damage.

In the second count it is averred that defendants owe plaintiff eight thousand dollars for goods bargained and sold by plaintiff to defendants.

And in the third count it is alleged that defendants owe plaintiff eight thousand dollars for work done and material provided for the defendants at their request.

To the first count in the declaration defendants pleaded that they had kept and performed all matters and things in said contract specified to be kept and performed on their part.

To the second and third counts in the declaration defendants pleaded that they never were indebted as therein alleged.

For a third plea to the declaration defendants filed a plea of set-off, and alleged that plaintiff was at the commencement of the suit indebted to defendants in the sum of $1,500 for money advanced and goods sold and delivered, which sum defendants are willing to set-off against the claim of plaintiff. This cause was then referred to J. C. Cooper, Esq., an attorney at law, as referee for decision. By leave of the court the plea of set-off was withdrawn and two additional pleas were filed. The first additional plea was a plea of set-off with a bill of particulars. In this plea defendants alleged that at the commencement of the suit there was due from them to plaintiff the sum of $265.26 for goods

as charged in the account attached to the declaration, and that plaintiff was at that time, and still is, indebted to defendants in an amount largely in excess of $265.26 for money advanced and paid out on account of the plaintiff and for goods sold and delivered by defendants to plaintiff at his request, to-wit : the sum of $1,618.97, which defendants are willing to set-off against plaintiff's claim, and defendants claim judgment for the excess.

And in the second additional plea it is averred that it was understood and agreed by and between plaintiff and defendants that the said goods to be furnished by plaintiff to defendants were to be of good merchantable quality, but that the goods furnished were inferior and not merchantable. Issue was taken upon all of the pleas.

Upon final hearing the referee rendered a judgment in favor of defendants against plaintiff for $1,563.12 and costs of suit. In reaching this conclusion the referee decided that defendants had committed no breach of the contract set up in the declaration. The parties to the suit alone were examined as witnesses, the plaintiff in his own behalf, and defendants in their behalf.

The contract alleged in the declaration, that defendants were to take and pay for all the perfumes and beverages manufactured by plaintiff during the period mentioned, is not put in issue by any plea. Plaintiff

contends that defendants refused to pay for a shipment of goods made June 9th, 1884, of the value of $265.26, and by reason of their failure in this respect he lost the profits on all goods which he could have manufactured during the remainder of the year, and such profits would amount to $5,029.62. Defendants insist that they have not violated their contract with plaintiff, and have not refused to accept or pay for any goods made and tendered by plaintiff, according to the terms of the contract. The decision of the referee is in favor of defendants on this point. The findings of a referee on questions of fact will be accorded the same considerations as the verdict of a jury. Without going into any discussion of the evidence on this point, we will simply announce that after a careful consideration of it we accept the finding of the referee as correct. If defendants did not refuse to accept and pay for any goods mentioned in the contract, or as found by the referee, were not guilty of any breach of the contract, it follows, of course, that it would be useless in this investigation to consider what would be the measure of plaintiff's right in the uncompleted portion of the contract. The contract here requiring the defendants to take and pay for all the perfumes and beverages which plaintiff could manufacture within a year, an unjustifiable refusal on their part, after a part performance of it, to take and pay for any more goods would present an important question. In addition to the questions

discussed in the cases of Brent Bros. vs. Parker, 20 Fla., 200, and Sullivan vs. McMillan, 26 Fla., 543, 8 South. Rep., 450, the further question, whether or not the profits claimed by plaintiff are the proximate results in law of the breach alleged, would become involved. But the finding of the referee, that defendants have not violated the contract, and the acceptance by us of this finding as correct, makes it unnecessary for us to go into the question suggested. The referee not only decided against the plaintiff on his demand for future profits, but rendered judgment against him in favor of defendants for $1,563.12 on the plea of set off. Under our statute all debts or demands mutually existing between the parties at the commencement of the suit are the proper subjects of set-off. The terms "debt or demand," used in the statute refer to matters arising out of contract, express or implied. The plea of set-off filed by defendants is for money advanced, and for goods sold and delivered by defendants to plaintiff at his request before the commencement of the suit. There is no doubt about the demand here sought to be set off arising out of contract. But it is very questionable whether or not such a demand can be set off against the cause of action set up in the first count of the declaration. See Robinson vs. L'Engle, 13 Fla., 482; Hall & Co. vs. Penny, 13 Fla., 621; Matthews vs. Lindsey, 20 Fla., 962.

The second and third counts in the declaration are for goods bargained and sold, and for work and ma-

terial provided by the plaintiff for defendants; and under these counts we have no doubt defendants can set-off their demand against any cause of action that plaintiff is entitled to prove under them, and such we think they intended. It is conceded that plaintiff shipped on June 9th, 1884, to defendants, goods to the value of $265.26. At that time plaintiff was indebted to defendants in the sum of $1,618.97, but he insists that said sum was not due until the 21st day of April, 1885. The decision of the referee on this point is that on the 9th day of June, A. D. 1884, the plaintiff was due defendants for advances made by them the sum of $1,618.97, and that there was no breach of the contract by defendants, as under the circumstances of this case it was the clear intent of the parties that Hughes and Gill should be repaid their advances out of the proceeds of sale of plaintiff's manufacture. We accept as correct the ruling of the referee on this point on the testimony before him. The conclusions here reached settle the entire merits of this case.

The other assignments of error have been duly considered. They relate principally to questions as to the admissibility of evidence tending to establish the measure of plaintiff's damages in the uncompleted portion of the contract. The referee found from the evidence—and we think the finding correct—that plaintiff had shown no right to any such damages for a breach of contract.

We notice that the judgment entered of record in

the Circuit Court of Duval county is for $1,533.12, a sum less than the amount found due by the referee from plaintiff in error to defendants. This is probably a clerical error in the transcript before us.

Upon a consideration of the entire case our conclusion is, that the judgment appealed from should be affirmed, and it is so ordered.