HARRIET E. McBRIDE, *Appellant,* v. G. A. WORLEY AND
CHARLES DEERING, *Appellees.*

Opinion Filed January 6, 1914.

1. An allegation that A's "appearance was not entered by any
one lawfully authorized to enter same" is a negative pregnant
and repugnant to good pleading.

2. The death of a party pending the process of advertising the
property for sale under a final decree, does not avoid the
order of confirmation, no suggestion of the death having been
made.

Appealed from the Circuit Court of Dade County; L.
W. Bethel, Judge.

Decree affirmed.

*Price & Railey,* for Appellant;

*Hudson & Boggs,* for Appellees.

COCKRELL, J.—In March, 1912, Harriet E. McBride, as
the real and personal representative of Lee McBride,
deceased, filed her bill against George A. Worley and wife,
Dade County Security Company, Charles Deering and H.
F. Atkinson, as Master in Chancery, alleging that in 1903
the Security Company foreclosed a prior mortgage given
by Worley, naming the said Lee McBride, who held a
junior mortgage as a party to the proceedings, which
resulted in a final decree for the Security Company on
March 8, 1909; that no service was had upon Lee McBride,
"neither was his appearance ever entered by anyone law-
fully authorized to enter same, and that the said Lee Mc-

Bride. was not a lawful party to said proceedings;" and pending the process for the sale of the property by the master, Atkinson, the said Lee McBride, died in April, 1909. The property was bought in at that sale by the mortgagee Security Company, and subsequently sold to Deering. The bill prays that the decree be declared void, that the sale thereunder be set aside, and that the property be resold to pay first the mortgage to the Dade County Security Company, and then the mortgage to this complainant. The separate demurrer of Deering was sustained, and the complainant failing to amend her bill, it was dismissed as to Deering.

The complainant in appealing from this decree of dismissal as to Deering has not seen fit to bring before us the Dade County Security Company, and no suggestion is made in her brief as to a possible equity from the charge in her bill as to conspiracy between Deering and the Security Company, and possible trusteeship arising out of that conspiracy, but asserts an equity solely upon the allegations as to want of jurisdiction over the person of Lee McBride prior to the final decree, and to the effect of the unsuggested death of the said McBride subsequent thereto.

The allegation in the bill that Lee McBride's appearance was not entered by anyone lawfully authorized to enter same is a negative pregnant and repugnant to good pleading. The appellant cites us to the case of Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527, wherein it appears that Lee McBride filed a demurrer to the bill filed by the Security Company, and upon his appeal here this court reversed the final decree therein entered, and directed the bringing in of new parties. Our records show that proceeding to be the identical one here attacked as void for failing to bring Lee McBride into it. The bill

does not allege with positiveness that the attorney purporting to represent Lee McBride in that cause in securing the reversal of that decre acted without authority for him, nor does it intimate that during the six years of the actual representation by this attorney of Lee McBride in that cause he was in ignorance of the usurped authority, nor does it allege that Deering, the purchaser from the purchaser of the judicial sale was aware of any fact to indicate that the attorney was without authority. The original decree of foreclosure entered in 1905, as well as the mandate of this court reversing that decree upon the purported appeal of Lee McBride was of record in Dade County for five years or more before this feeble attempt to deny the authority of the attorney successfully representing the said Lee McBride is made.

In fact the appellant relies chiefly upon the second ground, which is that the death of Lee McBride pending the process of advertising the property for sale, avoided the order of confirmation. We know of no authority upon which to sustain this contention. Even before final judgment or decree, the holding of the courts seems to be that the death of a party renders the judgment or decree voidable, not void. See Collins v. Mitchell, 5 Fla. 364-372.

There was no suggestion of the death of Lee McBride presented to the chancellor when the order of confirmation was applied for. To permit master's deeds to be set aside years after the confirmation of the sale upon matters solely *in pais,* such as the death of some junior lienholder intervening the final decree and the sale, would be little short of bringing uncertainty into a large proportion of our land titles, and would find no justification in any decision rendered by this court, which are all confined to suggestions of death in a cause pending.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.