L. W. BATES, *Appellant*. v. F. M. LANIER, *et al* *Appellees*.

Opinion filed January 14, 1918.

1. Statutes of set-off, being regarded as remedial acts, tending to prevent circuity of action and thus settle controversies speedily, are to be liberally construed.

2. Where a tort as for the conversion of money may be waived and a suit brought on an implied promise to pay a definite sum of money, it may be a proper matter for a set-off in an action *et contractu*.

3. Under the statute an answer in equity "may, without cross-bill, set out any set off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him;" and in a suit to enforce a mortgage lien on lands, the defendant may set-off a claim for moneys converted by the complainant where the defendant shows a right to such set-off.

Appeal from Circuit Court for Polk County, F. A. Whitney, Judge.

Order reversed.

*Leitner & Leitner,* for Appellant;

*Wilson & Boswell,* for Apppellees.

WHITFIELD, J.—The appellant brought suit to enforce a mortgage lien on real estate.

The defendants F. M. Lanier and Rosa Lee Lanier answered "That it is true as alleged in said bill that the defendant F. M. Lanier was indebted to the complainant in the sum of money named in said bill, and on said date executed the note described, and to secure the payment of said note, the defendant last above named made, executed and delivered the mortgage also described in said bill of complaint. * * *.

"Further answering the said F. M. Lanier says that at the time of making of said note and mortgage described in the complainant's said bill, the said complainant, unknown to this defendant, but learned by him, was indebted to this defendant in divers sums of money, the exact amount of which this defendant is not now able to state, but which far exceeds the amount now claimed by the complainant of this defendant by reason of said note and mortgage; that the indebtedness from the complainant to this defendant was incurred in the following manner:

"This defendant on the 30th day of June, 1910, became Tax Collector of Polk County, Florida, and being inexperienced in land matters and book-keeping, he employed the complainant qualified and capable to keep the records of said office, the complainant then and there represent-

ing himself to this defendant as being so capable and
qualified and upon which representation this defendant
relied, that the said complainant in such capacity had
entire charge of the keeping of the books of the office,
cash accounts, free access to the money which came into
the custody of this defendant in the collection of taxes,
of making reports from said office to the county and
State officers and paying over the money received by this
defendant in said office; that this defendant having con-
fidence in the honesty and integrity of the complainant
permitted him to have practically the entire management
of the office of Tax Collector, the receiving and handling
of the cash; that the complainant would make out all
reports of the said office and this defendant supposing
them to be accurate and correct would sign the ̈, and this
defendant supposed that the affairs of said office were
being honestly and properly attended to and managed by
the complainant and that all moneys due the State and
county had been paid over and accounted for by the com-
plainant, on behalf of this defendant, and never knew
otherwise till during the month of February, 1915, when
the State Auditor checked up the office of Tax Collector
of Polk County, and found that this defendant's records
showed that he was short a large amount of money. This
defendant charges the facts to be that the complainant
did not keep the books of this defendant in proper man-
ner, neither correctly, neither made proper reports to the
county and State for moneys collected in said Tax Col-
lector's office, but purloined and appropriated to his own
use large and divers sums of money belonging to the
county of Polk and State of Florida, the exact amount
this defendant is not now able to state, but better known
to the complainant, but far in excess of the amount of the
note and mortgage mentioned in complainant's bill, and

6—Vol. 75

this defendant prays that an accounting may be had by and under the direction of the court to ascertain the amount of money the said complainant purloined from the said Tax Collector's office and appropriated to his own personal use, and that said amount so ascertained may be set off against the note and mortgage described in complainant's said bill, and that any excess of said money so misappropriated by the said complainant may be ascertained, and that the said complainant may be decreed to pay to this defendant the amount of said excess; that the note and mortgage described in the complainant's said bill may be decreed to be cancelled and surrendered to this defendant fully satisfied and discharged."

The defendant C. L. Wilson answered "that he is interested in the real estate described in said bill of complaint, said lands having been conveyed to him by the said F. M. Lanier and wife Rosa Lee Lanier by warranty deed.

"Further answering this defendant says that he knows nothing of the indebtedness alleged in said bill of complaint, except as alleged, and prays strict proof thereof on the part of the complainant."

Complainant excepted to and moved to strike the last paragraph of the answer of F. M. Lanier because:

"1.   Said answer is irrelevant, immaterial and constitutes no defence to this bill of complaint.

"2.   Said answer is not allowed by law.

"3.   Because said answer tends to embarrass a fair and impartial trial of this cause."

The court overruled the exceptions and motion to strike, and the complainant appealed from the interlocutory order.

Sections 1 and 3 of Chapter 6907, Acts of 1915, "relat-

ing to answers in chancery" contain provisions that "The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims," and that "If an answer set up an affirmative defense, set-off or counter-claim, the plaintiff may, upon five days' notice, or such further time as the court may allow, test the sufficiency of the same by motion to strike out. If found insufficient but amendable, the court may allow an amendment upon terms or strike out the matter."

Statutes of set-off, being regarded as remedial acts, tending to prevent circuity of action and thus settle controversies speedily, are to be liberally construed. 25 Am. & Eng. Ency. Law (2nd ed.) 491; 34 Cyc. 629.

In suits *ex contractu* a set-off is not allowed for damages growing out of a tort. Robinson v. L'Engle, 13 Fla. 482; Matthews v. Lindsay, 20 Fla. 962; Griffing Bros. Co. v. Winfield, 53 Fla. 589, 43 South. Rep. 687; Brash v. Ehrman, 56 Fla. 153, 47 South. Rep. 937. But where a tort as for the conversion of money may be waived and a suit brought on an implied promise to pay a definite sum of money, it may be a proper matter for a set-off in an action *ex contractu*. See Hall v. Penny, 13 Fla. 621; Tidewater Quarry Co. v. Scott, 105 Va. 160, 52 S. E. Rep. 835, 8 Ann. Cas. 736.

In this suit to forecolse a mortgage the defendant by answer sets up a tort, *i. e.* the conversion of money, in which the defendant may have a special if not an absolute

property right, and as the tort may be waived and suit brought on the implied promise to repay the amount of money converted, it may be made a proper matter of set-off under the statute, since on the averments of the answer an accounting in an equity forum as an "independent suit" would be proper.

The averments of the answer are in effect that the complainant while acting as his, the defendant's agent and employee received and embezzled large sums of money that belonged to the State and County for taxes paid to him, the defendant, as Tax Collector through his said agent the complainant, and the answer prays in effect that an accounting shall be made by the complainant for the said moneys of the State and County so embezzzled by him, and that upon such accounting the moneys found thereon to have been embezzled by the complainant may be applied as a set-off to the payment of the individual personal indebtedness of the defendant to the complainant, without any showing that he, the defendant, has in any manner made the amount of the complainant's embezzlements good to the State and County by payment, adjustment or otherwise, or that he purposes by the set-off pleaded to clear his property of the mortgage encumbrance sought to be foreclosed so as to use it in paying to the State and County the amount of such embezzlement for which he is legally liable, so as to entitle him, the defendant, to have said moneys, admittedly belonging to the State and County, applied to the payment of his own individual personal indebtedness. Without some such showing the answer in effect says that the complainant as my agent has embezzled moneys belonging to the State and County paid to me as Tax Collector through him as my employee and agent, and I desire the court to force him, the complainant, to account to me for said moneys

so embezzled in order that I, the defendant may use them for my personal benefit by having them applied to the payment of my individual personal indebtedness to the first embezzler.

Under the statute the chancellor on the motion to strike may have required an amendment of the answer to show a right of set-off and in default thereof grant the motion to strike.

The order overruling the motion to strike is reversed with directions to proceed in accordance with this opinion.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.