MARION L. BLANTON and BONNIE BLANTON, his wife, also known as JAMES M. WILSON and MRS. MABEL A. HASSALL KEMP, joined by her husband, CHAS. B. KEMP, *Appellants,* vs. WM. G. WOODWARD, Administrator C. T. A. of the Estate of CLARA H. BLANTON, deceased, *Appellees.*

144 So. 300.

Opinion filed June 3, 1932.

Opinion on rehearing filed November 10, 1932.

692

Z. *Bass* and *Scarlett & Futch*, for Appellants;
*Fullerton, Duss & Gillespie*, for Appellees.

ANDREWS, Commissioner.—This cause is here upon appeal from an order of the Circuit Court of Volusia County, granting a motion to strike the amended answer of Mabel A'. Hassall Kemp and Chas. B. Kemp.

The bill of complaint was filed on January 12, 1931, by Wm. G. Woodward, Administrator of the estate of Clara H. Blanton, to foreclose a mortgage on real estate therein described, dated June 25th, 1925, which was executed by M. L. Blanton and wife, also known as James M. Wilson and wife, to secure the payment of $2,500.00 note due two years after date with interest.

The bill alleges in substance that the mortgaged premises

was conveyed by the above mortgagors on October 25, 1929, to the defendant Mabel A. Hassall, who afterwards, but prior to this suit, married Chas. B. Kemp; that she and her immediate predecessors in title had paid the interest on said mortgage "up to the year 1930," and that the deceased refrained from collecting the principal of said mortgage during her lifetime and that by her said last will and testament, dated July 28, 1930, directed "that her executor remit and release all accrued interest due" from Mrs. Kemp which shall be due "up to the last day of September, 1930." The bill further alleges as a reason for filing the suit that the principal and interest had remained due and unpaid for more than ninety days since the last day of September, 1930, at the time of filing this bill.

There are several other allegations in the bill but the above furnish in substance the basis for the main issues raised upon this appeal.

An answer to the bill was filed by Mr. and Mrs. Kemp and a demurrer to the same being sustained, Defendants filed their amended answer the 8th paragraph of which sets up a counter-claim or set-off which in substance alleges that the said Clara A. Blanton, the mortgagee, was a semi-invalid for about four years next preceding her death and that she engaged defendant as nurse and companion also to aid her with business affairs and household duties, which services she rendered until the death of the said Clara H. Blanton on July 30, 1930; that during the first year, next after the first day of September, 1926, Defendant at deceased's special instance and request, devoted about one-third of her time to the care and business affairs of the said Clara H. Blanton and that during the last three years of her life the Defendant devoted nearly all of her time to the care and attention of the deceased as her nurse, companion and business agent; that the said Clara H. Blanton personally agreed and promised "to pay the reasonable

worth of such personal services'' so rendered by the said
Mabel A. Hassall Kemp and in addition to ''reward and
pay generously for the said services'' so rendered to her
at her request as aforesaid; ''that no specific price for the
said services was stipulated, but that the said Clara H.
Blanton often promised the said Mabel A. Hassall Kemp
that her services would be well paid for, and as a part
of the said consideration for such services the said Clara
H. Blanton often promised that she would take care of and
satisfy of record the mortgage which she held on the
property of the said Mabel A. Hassall Kemp.''

The answer further alleges that since the death of the
said Clara H. Blanton, the Defendant on March 6, 1931,
filed in the County Judge's Court for Volusia County, a
sworn statement of her account and claim of $4,000.00
against the estate of the deceased for the personal services
performed and rendered to deceased during the last four
years of her lifetime, a copy of which is attached to the
answer and made a part hereof. In this connection it is
noted that the sworn statement is for ''part time nurse and
companion'' $500.00 from Sept. 1, 1926, to Sept. 1, 1927,
and $3,500.00 from September 1, 1927, to July 30, 1930;
total $4,000.00.

The prayer for affirmative relief asks that the Court
decree that the claim of $4,000.00, with interest thereon,
is a valid and subsisting debt against the estate of the de-
ceased; that an account be taken as to what, if any, amount
in due the said Clara H. Blanton upon the said mortgage
debt sought to be foreclosed; that an account be taken as
to the amount of principal and interest due and owing to
the said Defendant by the estate of the deceased on the
account of said claims; that after the said accounting the
Court enter a decree in favor of Defendant against the
estate of the deceased for such balance as may be found
is still due the Defendant from its said estate.

A special demurrer and motion to strike, containing similar grounds, were filed by complainant to the above answer, each of which states in substance, that said paragraph 8 fails to set up any set-off or counterclaim which could be allowed in this equity suit; that it appears that the set-off in effect arises out of claims for compensation for services "separate and distinct from the note and mortgage referred to in Complainant's bill of complaint," and therefore the claim is not a valid set-off or counter-claim.

When the demurrer and motion to strike came on for consideration by the Court, an order was entered granting the motion to strike the answer from which Defendants appealed, and assigned as error the striking of the amended answer.

The principal question presented by the order granting the motion to strike, is whether or not said paragraph 8 of the amended answer sets up such a set-off or counterclaim as the statute permits in cases of this nature, the same being based solely upon a claim for personal services as companion and nurse, alleged to have been rendered deceased at her request during her lifetime, for which Defendant prays for a money decree in her favor. It is noted that there is no prayer in the original or amended answer for the cancellation of the mortgage of record.

It is also observed that the bill does not ask to have included in the decree any interest payable by defendants up to the last day of September, 1930, and such waiver may in substance be treated as an expressed settlement of any amount the deceased felt she owed defendant for services. In this connection it should be noted that defendant purchased the property on October 25, 1929, which is nearly three years after the date she alleges her services began for which she counter-claims and is less than one year preceding the death of the mortgagee.

Appellee contends that while each of the alleged promises

attempted to be set up as a basis for a counter-claim or set-off might, if properly pleaded, constitute some legal basis for a suit at law, that a court of equity could not render a decree in favor of either party on such counter-claim as it is based not only upon an independent cause of action but that the claim for personal services rendered by defendant is a subject-matter for suit at law and not in equity.

We first direct our attention to the issue as to whether the Court erred in striking the counter-claim set up as a defense to the foreclosure of the mortgage.

The counter-claim or set-off of the Defendant is apparently pleaded pursuant to Section 4906 C. G. L., 1927, which is in substance a copy of the Federal Equity Rule 30, (28 U. S. C. A. Sec. 723), which provides as follows:

"The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaims, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims. Sec. 35, Chap. 14658, Laws of Fla. 1931.

It is observed that if the defendant in equity sets up a counter-claim in the same suit it must be a claim (1) "arising out of the transaction which is the subject matter of the suit;" or, (2) he "may" set out any set-off or counter-claim against the plaintiff which might be the subject of an *"independent suit in equity"* against Complainant,—"so as to enable the Court to pronounce a final judgment in the same suit both on the original and cross-claims." This court is committed to the proposition that even the subject matter of the counter-claim,—the "independent suit in equity" must have some connection with

"the transaction which is the subject-matter" of Complainant's suit. Lovett v. Lovett, 93 Fla. 611, 112 So. 768; Turner v. Utley, 93 Fla. 910, 112 So. 837; Norris v. Eikenberry, 103 Fla. 104, 137 So. 128. Otherwise it is subject to complainant's objections.

In a rather recent decision by *Mr. Chief Justice Taft* interpreting said Federal Rule 30 (which constitutes in substance said Section 4906, C. G. L., 1927) it was held that:

"The counter-claim referred to in the *first* part of the paragraph must, therefore, be an *equitable* counter-claim, one which like the set-off or counterclaim referred to in the next clause could be made the subject of an *independent* bill *in equity*. The counter-claim and the set-off and counter-claim in the two clauses are in pari materia except that the first grows out of the subject matter of the bill, and the other does not. That which grows out of the subject matter of the bill must be set up in the interest of an end of litigation. That which does not *may* be set up if the Defendant wishes in one proceeding in equity quickly to settle all equitable issues, * * *. The rule should be liberally construed to carry out its evident purpose of shortening litigation, but the limitation of counter-claims to those which are *equitable is imperative*." (Italics ours). American Mills Co. v. American Surety Co., 260 U. S. 360, 42 S. C. T. 149, 151; 67 L. Ed. 306.

In the recent case of Tilton v. Horton, 103 Fla. 497, 137 So. 801, this Court held that the reason for the above statute and rule requiring that the counter-claim or set-off that does *not* arise out of the subject matter of the suit must constitute a subject matter for "an independent suit in equity"—may be found imbedded in the Federal and State Constitutions, respectively, which provide in the former that in suits at common law the right of trial by juries shall be preserved (Amendment 7 U. S. Constitution) and in the

latter that the right of trial by jury shall be secured to all and remain inviolate forever (Sec. 3 Dec. of Rights Fla. Constitution), See Hawkins v. Rellim, 92 Fla. 784, 110 So. 350. It will be observed that Judge Taft in the above American Mills Company case also held that "as Defendant was not obliged to set up and prove its *action at law* under Rule 30, and when it did so, by its affirmative action it waived its previous objection to the equitable jurisdiction and also its right of trial by jury." In other words, a *defendant* may waive his right to a jury trial of any purely legal counter-claim arising "out of the subject-matter of the suit" by voluntarily pleading it in the equity suit, but if it is an independent claim, not arising out of the suit and cognizable at law, as distinguished from an *equitable* one, as in this case it cannot be set up as a counter-claim over the objection of complainant, and is therefore subject to a motion to strike.

By section 4358, Compiled Genl. Laws of Fla., 1927, it is provided that "When *both* parties in an action at law agree to a trial without jury, the judgment shall be as effectual as upon verdict." (Act of November 21, 1829, Sec. 1). Under the above statute the right to a jury trial on any claim cognizable at law, enures to the complainant as well as to the defendant. Tilton v. Horton, 103 Fla. 497, 137 So. Rep. 801; Norris et ux. v. Eikenberry, 103 Fla. 104, 137 So. Rep. 128; Day v. Weadock, 104 Fla. 251, 140 So. Rep. 668.

In the case of Levitt v. Axelson, 102 Fla. 233, 135 So. 553, it was held that "while a court of equity, having once obtained jurisdiction of a cause, will retain it for all purposes and administer complete relief, yet, in order to authorize relief which can be obtained in a suit at law, there must be some substantial ground of equitable jurisdiction both alleged and proven; otherwise, the court of equity will not retain jurisdiction and grant a purely legal rem-

edy." See Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106
So. 473; Hay v. Salisbury, 92 Fla. 446, 109 So. 617; also
Norris v. Eikenberry, 103 Fla. 497, 137 So. 128.

The case of Hitchcolk v. Mortgage Securities Company, 95
Fla. 147, 116 So. 244, discussed in the briefs of both parties
to this appeal, involved notes which the bill undertook to
have cancelled and defendant by way of counter-claim
asked for a money judgment on the same notes which con-
stituted the subject matter of the suit. In the instant case
the claim interposed is not only a legal one but in addition
it did not arise out of the subject matter of the suit. The
above case is not in point.

The complainant, as shown by his motion to strike, ob-
jected to trying the issues of the counter-claim in this
mortgage foreclosure suit upon the ground that the un-
liquidated claim is based upon an independent cause of
action triable at law.

It is our conclusion that the trial court committed no
reversible error in granting the motion to strike the answer
of the defendant. The decree is, therefore, affirmed.

PER CURIAM.—The record in this cause having been con-
sidered by the Court, and the foregoing opinion prepared
under Chapter 14553, Acts of 1929, adopted by the Court
as its opinion, it is considered, ordered and decreed by the
Court that the decree of the court below should be, and the
same is hereby affirmed.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN
AND DAVIS, J.J., concur.

---

ON PETITION FOR REHEARING.

ANDREWS, Commissioner. — The petition for rehearing
complains that the court in its opinion heretofore rendered
in this case overlooked and did not consider the questions
presented by the trial court's order of April 6, 1931, strik-
ing out paragraphs 1, 4 and 6 of the answer of the De-

fendants Mabel A. Hassall Kemp and her husband and similar questions raised by the court's order of June 26, 1930, striking similar averments of said amended answer.

Conceding that Appellants properly raised and presented the questions alleged to have been overlooked it was not deemed necessary to pass upon them as they were not decisive of the case. If the counter-claim set up by paragraph 7 of the original answer, and paragraph 8 of the amended answer was not applicable and could not constitute a defense to Complainant's foreclosure suit, the other paragraphs of the answer referred to above would not change the conclusions reached in affirming the trial court's order striking the answer.

However, since we now have the matter before us, it may be here stated that the order of the Court striking out the above noted paragraphs of the answer and amended answer which group by numbers separate paragraphs of the bill of complaint which allege independent facts, constituted no error as our statutes require a defendant to either "admit," "deny," "explain" or aver that he is "without knowledge" as to *each* "claim" asserted by the bill.

It is observed that Sections 3118 and 3119 Revised General Statutes of 1920 (Sections 4904 and 4905 C. G. L. 1927) which originally constituted a portion of Section 1, of Chapter 6907 Acts of 1915, (recently reenacted as Sec. 34 of Chapter 14658, known as the "1931 Chancery Act") provides that:

"The Defendant in his answer shall in short and simple terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, not specifically admitting or denying or explaining the facts upon which the Plaintiff relies, unless the Defendant is without knowledge, in which case he shall so state, such statement operating as a denial. Averments other than of value or of amount of damage, if not denied, shall be deemed confessed," etc.

The Statute does not permit the Defendant to group several claims asserted by the bill in one paragraph of the answer in pleading thereto but the Defendant must plead to "each claim" asserted by the bill separately. This does not mean, however, nor was it contemplated by the Statute, that the Defendant should in substance copy in his answer each allegation of the bill, or paragraph thereof, and expressly aver that he admits, denies or is without knowledge as to any such allegation; but in order to simplify the method of reaching an issue as to each fact set up by a bill, each paragraph so alleging a separate fact should be answered separately without grouping paragraphs of the bill in one averment of the answer. Where this statute is violated such averments of the answer may be stricken either on motion of complainant or by the Court of its own motion.

When a Defendant is brought into a court of chancery to answer a bill of complaint, he is required to make full, true, direct and perfect answer to each fact alleged in the bill. There must be no evasion or doubtful terms but he must as to all material allegations either admit them or deny them, or if he has no knowledge of the facts alleged he may disclaim such knowledge and require strict proof if he so desires. Where the facts are within the Defendant's knowledge he must answer positively, and an evasive and qualifying answer is not sufficient. If he knows they are true he must admit them. Bostwick v. VanSant, 98 Fla. 565, 124 So. 14; Citizens Bank & Trust Co. v. Gray, 100 Fla. 958, 130 So. 274; McBride v. Worley, 66 Fla. 564, 64 So. 235; 1 Ency. Pl. & Pr. 875; Story's Eq. Pl. (10th Ed.) Sec. 852, 21 C. J. 471.

The portions of the answer stricken do not comply with these most exemplary rules. No sufficient reason appearing for granting a rehearing in this cause the petition is hereby denied, and the decision heretofore reached is adhered to.

PER CURIAM.—The petition for rehearing filed herein having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the said petition for rehearing be and same is hereby denied and that the court do adhere to the opinion heretofore filed in this cause.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents in part.

Paragraph 1 of the answer reads as follows:

"1. These defendants admit the allegation contained in paragraphs 1, 2, 3, 4, 5, 6 and 7 of the bill of complaint."

Paragraph 4 of the answer reads as follows:

"1. These defendants admit the allegations contained in paragraphs 10, 11 and 12 of the bill of complaint."

I think the court erred in striking the paragraphs above quoted. It seems to me that these paragraphs of the answer comply fully with the statute of 1915, now Section 4904, C. G. L., and retained as Sec. 34 of the Chancery Practice Act of 1931. As I understand it, the purpose of the legislature in enacting this statute was to simplify pleading and practice in chancery and not to require of the defendant a more cumbersome or complicated answer than was theretofore generally used in chancery suits.

I am inclined to the view that the correct interpretation of the 1915 Statute is that it abolishes the former practice of concluding an answer with a general denial, and prevents the defendant from being allowed to answer the whole bill by merely saying that he denies or is without knowledge as to each and every allegation of the bill of complaint, but that the legislature contemplated that ordinarily in a chancery suit the defendant would of his own knowledge know that some of the allegations of the bill are true, some of them he would contend are untrue, and per-

haps as to other allegations he would not know whether they were true or untrue. So, the statute puts upon the defendant the duty of admitting the allegations which he knows are true, and requires him to point out specifically those which he contends are untrue and specifically to deny them. And then, as to the allegations of which he has no knowledge, to so state, and his statement that he is without knowledge operates as a denial.

It would appear entirely unnecessary to embrace in an answer a separate paragraph as to each paragraph of the bill which the defendant desires to admit or deny in toto. If, for instance, the defendant knows that the first ten paragraphs of a bill are true, why should he not be permitted to admit this in one paragraph, specifying the respective paragraphs thus admitted, instead of lengthening his answer by putting in ten paragraphs, one for each of the admitted paragraphs, seriatim? However, the error in striking paragraphs one and four of the answer was probably error without injury, as under Section 4905 C. G. L., such averments of the bill, even if not denied, would be deemed confessed.

As I understand it, the majority holds that under the statute a defendant in his answer may deny each and every allegation contained in a specified paragraph of the bill of complaint without being required to repeat substantially the several allegations of such paragraph and then deny each of them separately. In this respect I fully concur.

Upon further consideration, I am inclined to the view that paragraph eight of the said answer of Mrs. Kemp and her husband, if it had not been specifically interposed as a set-off or counter-claim, might have been upheld as being in substance an averment or plea of payment of the mortgage debt by services rendered to the mortgagee at her request and in consideration of which she promised that

she would satisfy of record the mortgage sought to be foreclosed. See Bates v. Lanier, 75 Fla. 79, 77 So. 628. It is true that in the absence of an agreement to the contrary, money is the sole medium of payment. But this does not mean that nothing else may be used to discharge a debt. On the contrary, anything which a debtor delivers and a creditor accepts in discharge of an obligation is a payment thereof. 21 R. C. L. 37. By agreement or consent of a creditor, services rendered by the debtor may constitute a payment, though it has been held that services voluntarily rendered do not extinguish or reduce the debt. 48 C. J. 629.

The second headnote to the case of Patrick v. Petty, 83 Ala. 420, 3 So. 779, reads as follows:

"Where there is a contemporaneous oral agreement that a promissory note is to be discharged by boarding and caring for the payee for a given time, so long as the agreement remains executory, it is wholly inoperative as a defense to a suit on the note; but when it has been performed it becomes a complete defense, and if performed in part, and full performance is prevented by the death of the payee of the note, it amounts to payment *pro tanto*, without presentation as a claim against the estate."

I am inclined to the view therefore that a debtor may as effectually discharge his debt by performing services for his creditor as by paying in cash, when his creditor agrees to accept such services in payment and the services are actually performed pursuant to such agreement. It is quite possible that if the chancellor had refused to strike the paragraph on the ground that it was in substance a plea of payment it would not have been an erroneous ruling, the answer having been filed before the Chancery Act of 1931 became effective. But taking paragraph eight of the answer as what it purports to be, a set-off or counter-claim, and considering it in connection with the prayer for an accounting as to the amount of the indebtedness due to

defendant thereunder, I am now inclined to think that such paragraph should not have been stricken. This court, it is true, is committed to the rule enunciated in Lovett v. Lovett, 93 Fla. 611, 112 So. 768, and Turner v. Utley, 93 Fla. 910, 112 So. 837, that the cause of action asserted as a set-off or counter-claim under section 4906 C. G. L. must be of equitable cognizance and must set up matters arising out of *or connected with* the subject matter of the original bill, or arising out of the transaction which is the subject matter of the suit. But I am inclined to the view that Mrs. Blanton's promise to satisfy the mortgage in consideration of Mrs. Kemp's services to her, as alleged in paragraph 8, shows that said paragraph sets up matters connected with the mortgage which was the subject matter of the suit, and also matter as to which the defendants were entitled to an accounting in equity in this cause under the principles laid down in Bates v. Lanier, 75 Fla. 79, 77 So. 628.

I think therefore, that the petition for rehearing should be granted and the former opinion and judgment should be reconsidered.