L. B. AIKENS and MARY AIKENS, his wife, *et al.,* v. CITY
OF ROCKLEDGE.

182 So. 235.
Opinion Filed June 17, 1938.

*George P. Garrett* and *Gus C. Edwards,* for Appellants; *John D. Shepard,* for Appellee.

BUFORD, J.—The above cause is the usual tax foreclosure suit by a municipality brought for the purpose of foreclosing ad valorem taxes for certain years and certain paving assessments. The Bill of Complaint is substantially in the form many times brought before this Court and has been repeatedly held to be proper in form of allegation. Trustees of the Estate of H. S. Williams, *et als.,* v. City of Rockledge, 99 Fla. 694, 126 So. 820; Cornelia G. Williams, *et als.,* v. City of Rockledge, 99 Fla. 695, 126 So. 820; Cornelia G. Williams, *et als.,* v. City of Rockledge, 103 Fla. 1255, 140 So. 650; Trustees of the Estate of H. S. Williams, *et al.,* v. City of Rockledge, 103 Fla. 1256, 140 So. 651; Myra G. Williams, *et al.,* v. City of Rockledge, 105 Fla. 730, 146 So. 908.

After Motion to Dismiss was overruled certain defendants filed an Answer, which was stricken. Subsequently such defendants filed an amended joint and several Answer to which a motion to strike each paragraph and sub-paragraph thereof was directed. The lower court struck certain paragraphs of the Answer, it being the court's opinion that Chapter 15461, Special Acts of 1931; Chapter 16651, Special Acts of 1933; Chapter 18840, Special Acts of 1937; and other special acts which were passed and had for their purpose the legalizing and validating of all paving assessments of the City of Rockledge; the ·fixing of a short period of limitation of 90 days within which any party is allowed to question the validity of such paving assessment; validating all tax assessments for the years in question; and generally legalizing and validating all acts and transactions of the

City of Rockledge and its officers; had the effect of excluding from consideration certain defenses.

Defendants entered an appeal from the interlocutory order granting the motion to strike the counterclaim and certain paragraphs of the amended answer. Application for supersedeas was denied, whereupon Appellants filed application for supersedeas or constitutional writ in this Court. Appellee moved to dismiss the appeal on the grounds that it was frivolous and that the Court had already passed upon all questions of law involved. At the oral hearing on these motions, by stipulation of counsel in open court, both motions were put in repose, with the understanding that this Court may proceed to determine the merits of this appeal without further delay.

Appellants tendered a list of questions that they considered to be before the Court on this appeal. Some of these are deserving of brief discussion.

The first three paragraphs of the amended answer, categorically denying the first three paragraphs of the amended bill of complaint, were stricken upon motion. It is contended therefore that the first question for the court to consider is the sufficiency of these denials. Appellants cite Mahin v. Mahin, 131 Fla. 546, 179 So. 651, to the effect that such denials which deny allegations set out in a specified "folio" of the bill are sufficient. This is true, but in the case under consideration the first three paragraphs of the bill of complaint allege facts which are shown by public records and by the statutes. A denial of these facts theretofore does not tender an issue. The lower court was correct in striking these three paragraphs.

It is next contended that the officers and counsel of the City of Rockledge had no right to compromise taxes for these years. Appellants cite 44 C. J. 1345. Admitting this to be true, the fact that someone compromised his taxes for

one or more of the years in question is not a defense to a foreclosure suit such as this.

It is further contended that the special acts of the Legislature validating the tax assessments in question and allowing a short period of limitation to contest them did not operate to eliminate the defenses contained in the paragraph stricken from the amended answer.

The Chancellor did not strike any questions involving the constitutionality of the assessments but he struck practically every other defense raised. A careful examination of the paragraphs stricken from the amended answer leads us to the conclusion that all the defenses thus excluded were improper ones to be raised in a tax foreclosure suit brought by a municipality or they were defenses which the landowners had become estopped to raise because of the validation statutes. The question of whether or not the Chancellor erred in not striking the other paragraphs of the answer is not raised or considered on this appeal.

It appears that the defendants below were guilty of *laches* in not appearing before the board of equalization or proper body and contesting the assessments and further in not objecting to the assessments within the period allowed by the validating statutes.

Appellants next contend that they had a right to re-aver in the counterclaim the paragraphs of the main answer. Conceding this to be true, the counterclaim was still properly stricken as the transactions upon which the counterclaim is based did not arise out of the assessment of taxes and has nothing to do with the present foreclosure suit. Blanton v. Woodward, 107 Fla. 691, 144 So. 300. There is no reason why the due bill predicated on the sale of sand from part of the property that is involved in this suit should be allowed as a counterclaim, as such counterclaim is just as untenable as the other item. This Court early recog-

nized the generally accepted rule that taxes are not subject to set-offs and counterclaims. Finnegan v. City of Fernandina, 15 Fla. 379, 21 Am. Rep. 292; St. Lucie Estates v. Ashley, 105 Fla. 534, 141 So. 738. See also 57 C. J. 381.

Having carefully considered the record, having heard argument of counsel and considered the questions submitted on this appeal, we are of the opinion that no reversible error has been made to appear and accordingly the ruling of the lower court should be affirmed. It is so ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.