JOHN F. J. MITCHELL ET AL., APPELLANTS, VS. JOHN S. WAMBLE, APPELLEE.

When pending a suit in equity to enforce the specific performance of an agreement to convey lands, the principal defendant dies, the suit abates, and must be revived as prescribed by the rules and practice of the court against the legal representatives, before decree can be made in that suit directing a conveyance.

Appeal from the Circuit Court for Orange county.

Rule 38, referred to in the opinion of the court, is as follows:

"In all cases where the defendant in an equity suit shall

have died, the cause may be revived against his legal representative upon motion at any time by the plaintiff, and upon his filing a duly certified copy of the letters testamentary or of administration granted to the legal representative of the deceased defendant, and notice of such motion to the legal representative to show cause, if any he can, why the cause should not be revived against him, and thereupon the cause shall proceed in the same manner as if the suit had been instituted against such representative, or the defendant had not died. Or the legal representative of the deceased defendant may himself have an order reviving the cause on his motion, and notice thereof to the plaintiff or his solicitor, and upon his filing a certified copy of his letters testamentary or of administration, and the cause shall thereupon stand as if the death of the defendant had not occurred, or his representative had been originally sued."

The other facts are stated in the opinion.

*H. C. Harrison* for Appellants.

*J. Wofford Tucker* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This was a suit in equity by John S. Wamble against John F. J. Mitchell, Sarah A. Watts and Joseph Leinhart to compel the specific performance of an agreement for the sale of land by Sarah A. Watts to Wamble. J. F. J. Mitchell is charged with certain transactions connected with the sale, and Leinhart as a subsequent grantee with notice. After answer and the taking of testimony it was suggested upon the record that Sarah A. Watts had died, and it was "ordered that Mrs. Henrietta Mitchell, wife of defendant, J. F. J. Mitchell, be and she is hereby made a party to this action; that a copy of this order be served on Henrietta Mitchell, and that this cause do proceed according to the

rules and usages of this court." A copy of this order was served on Mrs. Mitchell, who filed no answer and took no action in the cause, except to join in the appeal from the final decree. The court decreed that the deed to Lienhart was fraudulent and void, and that John F. J. Mitchell and Henrietta Mitchell, his wife, do convey to complainant the land described, and that they pay the costs.

The petition of appeal prays a reversal of the decree ordering them to convey.

We do not find in the record any evidence that Mrs. Mitchell was a proper party to the suit as an heir at law, or as an administratrix of the estate of Mrs. Watts. The bill states only that John F. J. Mitchell represented himself to be the agent of Mrs. Watts, "his mother-in-law." Possibly Mrs. Mitchell is the daughter of Mrs. Watts, but if that be so the suit was not revived as against any legal representative of Mrs. Watts.

Upon the death of a plaintiff or defendant materially interested, the suit, accordng to the former and the present practice, abates. 2 Dan. Ch. Pl. & Pr., 5 Am. Ed., 1508.

Rule 38, Equity Rules, provides for reviving a suit against the legal representatives of a defendant, but nothing appears to have been done in this cause to revive it after the death of Mrs. Watts, who held the legal title (it is presumed), and who was charged with having agreed to convey the land to complainant.

As to Henrietta Mitchell, she appears to be a mere stranger to the entire transaction and to the property, and as to her husband, he could not convey, for no interest in the property appears in him. The record, therefore, shows no foundation for this decree, and it is reversed and the cause is remanded, with directions that the parties proceed according to the practice of the court.

Decree reversed.