MARION C. IZLER, *Appellant*, v. PORTER SLYKE, OTHERWISE KNOWN AS POTER SLIGH ET ALS., *Appellees.*

Opinion Filed January 9, 1928.

*Anderson & Anderson,* for Appellant;

*Joseph Bell* and *D. Niel Ferguson,* for Appellee.

KOONCE, Circuit Judge:

On August 28th, 1924, the appellant as complainant below, filed his bill to "Quiet Title" to certain property

of which he alleged he was in the actual possession and the owner in fee simple, claiming the same under a tax deed obtained on July 1st, 1924, less than two months before the institution of his suit. He named as two of the defendants, Henry Sligh and his wife Laura Sligh, and stated their residence to be in Tampa, Hillsborough County, Florida. He alleged that Henry Sligh received a patent from the United States Government, issued February 10th, 1885, which was on record in Marion County, and that by reason of such patent the said Henry Sligh claimed some interest in the property, but that his, complainant's title was superior and paramount, and that Sligh's title was void as against the complainant's and constituted a cloud thereon. The sheriff of Hillsborough County made return on summons in chancery issued to Henry Sligh and Laura Sligh that same was not served because "the deft. (using abreviation in singular form) could not be located within the limits of Hillsborough County, Florida." Thereupon the complainant filed his motion for constructive service, supporting same by his affidavit that "in the belief of affiant the said defendants are residents of the State of Florida and of the City of Tampa; that the said defendants, Henry Sligh and Laura Sligh, in the belief of affiant have been absent more than sixty days next preceding this application for order of publication, and that there is no person in the State, the service of subpoena upon whom would bind such defendants; and that in the belief of affiant the said defendants, Henry Sligh and Laura Sligh, are concealing themselves so that process can not be served upon them or either of them"; also that they were each over the age of twenty-one years. Upon this affidavit notice to appear was issued and published directed to the defendants, Henry Sligh and Laura Sligh, returnable to the rule day in January, 1925, being the 5th day of the

month. On the 5th day of January, 1925, decree *pro confesso* was entered against the defendants, Henry Sligh and Laura Sligh, for failure to appear.

On January 7th, 1925, final decree was entered by the circuit judge, consequent upon the decree *pro confesso*. On January 17, 1925, the complainant filed motion to vacate the final decree of January 5th for the purpose of correcting some errors made in the filing of affidavit of publishers as to publication of a notice, and to allow the complainant to file evidence of his possession and occupancy of the premises. The motion being granted and an examiner appointed to take testimony, on the 23rd day of January, 1925, the report of the examiner being filed, the circuit judge made another final decree which is designated in this appeal as the "Second Final Decree," and will hereinafter be so referred to. It was the usual decree in favor of a complainant "quieting title."

On March 9th, 1925, more than twenty days after the entry of the second final decree, the appellees, Porter Slyke, Hilliary Slyke and Margaret Brown, filed their petition to intervene in said cause, representing themselves to be the children and the sole heirs at law of Henry Slyke, deceased, who was sometimes called Henry Sligh and who they alleged was the identical same person as the defendant, Henry Sligh, mentioned in the complainant's bill. They also on the same day filed a motion to vacate the said second final decree and permit them to defend said suit. On April 7th the circuit judge made his order denying the petition to intervene and the motion to vacate decree. This order was entirely proper, as the petitioners had not set out any sufficient grounds in either petition or motion. Again on July 21st, 1925, the same parties, appellees in this cause, filed what they termed a motion for rehearing, and also renewed their motion to vacate the

second final decree. This time they attacked the service upon Henry Sligh and Laura Sligh, the *bona fides* of the affidavit made by complainant for such constructive service; they alleged that the defendant Laura Sligh had been dead many years prior to the institution of the suit and that the defendant, Henry Sligh was dead at the time of the entry of such second final decree; that there had been no revival of the suit after the death of Henry Sligh; that they were the children and sole heirs of the defendants, Henry Sligh and Laura Sligh, and other grounds. It appears from a further inspection of the record that Henry Slyke, or Sligh, was dead at the time of the entry of the second final decree, but that he was alive at the time of the entry of the decree *pro. confesso* on January 5th, having departed this life between said dates. Upon presentation of this motion the circuit judge made his order vacating the second final decree and permitting the petitioners to defend the cause upon certain conditions named in the order. The conditions being complied with the cause thence proceeded in orderly course, much evidence was taken and the chancellor entered a last final decree in which he adjudged the tax deed of the complainant to be invalid and dismissed the bill of complaint. From this last final decree appeal is had to this Court.

If the appellees were properly in court all the preceedings after the order vacating the second final decree were so regular and the decree finally rendered so obviously correct that it seems unnecessary to review such findings here.

The order vacating the second final decree is the gravamen of this appeal. While it has been held that even after the lapse of twenty days period by which under Equity Rule No. 45 and Section 3158, Revised General Statutes, a decree thus made absolute, may be vacated

under certain circumstances this is done only upon the most cogent reasons. See Stribling v. Hart, 20 Fla. 235, and Freidman v. Rhem, 31 So. 234, where this question is fully discussed. It would be an unwise policy to relax this rule, and the right to exercise this authority should be used with the greatest care.

The question of "intervention" argued in the briefs, does not enter into the consideration of this appeal, for if the appellees were properly in court they were there as substituted parties upon revival of a suit on account of the death of an indispensable defendant, and not as intervenors.

When during the pendency of a suit and before decree *pro confesso* or before final decree after pleadings filed, an indispensable defendant dies, the action abates and must be revived by bringing into court the legal representatives of the deceased defendant. Mitchell v. Wamble, 18 Fla. 169; Worley v. Dade County Security Co., 52 Fla. 666, 42 So. 527.

But where such defendant dies during the interval between an entry of decree *pro confesso* and a final decree, as in this case, a more serious problem is presented. Without deciding this point it would seem that the more logical view is that by permitting the entry of decree *pro confesso* the defendant had admitted the allegations of the bill of complaint and had nothing further to defend whereby it would be unnecessary to substitute his legal representatives or heirs. See McBride v. Worley, 66 Fla. 564, 64 So. 235.

The chancellor in this cause in vacating the second final decree recited in his order that it was done because "The defendant Henry Sligh was dead at the time of the entry of final decree. Such decree was inoperative then against him, and no representatives or heirs at law was a party

before the court when the decree was entered." There was also reference to improper service upon "unknown parties," and a further statement that "the court entered final decree in this cause inadvertently and without authority." Even so the question would still remain as to the corrective remedy.

However, in addition to the reason recited by the chancellor, whether such reason be sufficient authority to vacate the decree or not, this Court can take into consideration all the facts and circumstances in the cause at the time of the entry of the order vacating the second final decree. In the first place the bill of complaint is in effect merely a bill to decree valid a tax deed and comes within the meaning of the opinion of this Court in the case of Brecht v. Bur-Ne Co., 108 So. 173, holding "no such proceeding to be known in this State only as the validity of such deed may be established incidentally to the removal of claims which constitute cloud upon title of complainant holding under a tax deed." Also the sufficiency of the service of process upon Henry Sligh. This Court has said "resort to constructive service is predicated upon necessity, and, if personal service could be effected by the exercise of reasonable diligence, substituted service is unauthorized." Tibbetts v. Olson, 108 So. 679. From a consideration of the entire record in this cause it is not clearly made to appear that the complainant did exercise all reasonable diligence in attempting to secure personal service on Henry Sligh. On the contrary one is impressed with the idea that though the complainant well knew that this defendant was more generally known as Henry Slyke he named this defendant in his bill as Henry Sligh without mention of any alias, and that there was no attempt whatever to serve him as Henry Slyke, the name by which he was most generally known. It appears in the cause that

Henry Slyke was a very old negro, nearly one hundred years old, permanently located in Hillsborough County, and not likely to absent himself from the county, and it seems utterly improbable that he would conceal himself to avoid service of process of which he had no knowledge whatever. The return of the sheriff of Hillsborough County does not show that any search whatever was made for him.

It further appears in this cause that the heirs of Henry Slyke, or Sligh, had no knowledge of the suit until after the said second final decree, when allowing a reasonable time for them to secure counsel, they attempted to defend their interest.

It would seem that taking into consideration the character of the bill of complaint, the doubtful service upon the defendant Henry Sligh, the fact that he was dead at the time of the entry of the second final decree, that no revival of suit had been had, the meritorious defense offered by the heirs of Henry Sligh, that this presents a case coming within the exceptional circumstances under which a final decree may be vacated after the lapse of twenty days.

In addition to this the ultimate final decree of the chancellor was so fair and impartial to all parties, so equitable and just and warranted by all the circumstances of the cause as to bring the cause well within the provisions of Section 2812, Revised General Statutes of Florida (1920). See Griffin v. Dothan Guano Co., 113 So. 563.

The decree of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court

as its opinion, it is considered, ordered and decreed by the Court that the decree of the Circuit Court in this cause be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL AND BUFORD, J. J., concur.