SUNDBERG, Justice.
This case is before us on petition for writ of certiorari to the District Court of Appeal, First District. We entered our order allowing certiorari and dispensing with oral argument pursuant to Rule 3.10e, F.A.R. Our jurisdiction vests under Article V, Section 3(b)(3), Florida Constitution, because of conflict between the District Court’s decision, reported at 324 So.2d 723, and Izlar v. Slyke, 94 Fla. 1218, 115 So. 516 (1928) and Hull v. Burr, 62 Fla. 499, 56 So. 673 (1911).
On June 14, 1974, respondent Wallace filed suit to rescind and cancel a quitclaim deed and to have a diamond ring returned. Four days later, the complaint was served on the petitioner, Myrtle Floyd. Two days after that, on June 20, 1974, plaintiff-respondent Verna Lee Wallace died. Four days later, her attorney filed and served notice of lis pendens.
On November 23, 1974, some 156 days after service of summons, counsel for respondent moved for default, which the trial judge entered. Thereafter respondent’s counsel filed a suggestion of death and motion for substitution of personal representative as party plaintiff. Plaintiff-respondent’s counsel moved for final judgment, which was granted on February 14, 1975, and recorded five days later. This final default judgment ordered rescission of the deed, return of the ring, and payment of costs.
The First District Court of Appeal affirmed the judgment of the trial court per curiam without opinion on October 30,1975. Rehearing was denied on January 16, 1976.
After examining the briefs submitted by the parties and studying the authorities cited therein, we have concluded that the petition for writ of certiorari should be granted. The operative factors are that the death of the plaintiff occurred after the complaint was filed but before entry of the default and that the suggestion of death and substitution was filed after default was entered but before final judgment on default. Thus it appears that all the real parties in interest were not present, either actually or constructively, before the court at the time default was entered. This result directly conflicts with this Court’s decision in Hull v. Burr, supra. In Hull, a trustee in bankruptcy filed suit to enforce an equitable right to certain realty. The defendants argued that the suit should be dismissed because the plaintiff had resigned as trustee. Nevertheless, the judge entered final judgment for the plaintiff. This Court reversed, holding that the trial court was bound to determine whether the proper parties were before it prior to proceeding any further.
The other case with which the District Court decision conflicts, Izlar v. Slyke, supra, involved a suit to quiet title in which a default and final decree were entered for failure to appear. Plaintiff sought to vacate the decree to correct some errors; this was done in a second final decree. More than 30 days later, the children and heirs of the defendant filed to vacate and intervene, attacking service and alleging that one defendant, their mother, had been dead many years and the other, their father, was dead at the time the second decree was entered. Thereupon, the lower court vacated the second decree, and this Court affirmed, holding that the death of an indispensable party before a decree pro confesso or before a final decree abates the action, which must be revived by bringing in a legal representative.
Despite their age, Hull and Izlar enunciate the correct rule of law in this area. The instant cause of action abated upon the death of Verna Lee Wallace, an indispensable party, and the trial court erred in adjudicating the rights of the parties without having all of them actually or constructively before it. Respondent’s counsel *655 should not have been permitted to proceed on behalf of a deceased plaintiff without first complying with the substitution provision of Rule 1.260(a)(1), Fla.R.Civ.P.[1]
Accordingly, the petition for writ of cer-tiorari is granted, the judgment of the District Court of Appeal is quashed, and the cause is remanded to the Circuit Court in and for Volusia County with directions to vacate the final judgment of default entered against petitioner and for further proceedings not inconsistent herewith.
■ ROBERTS, ADKINS and HATCHETT, JJ., concur.
OVERTON, C. J., dissents.

. Rule 1.260, Fla.R.Civ.P., reads in pertinent part as follows:

“(a) Death.

“(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.”