627 So.2d 136 (1993)
Edward J. COPE, Appellant,
v.
Jeffrey K. WAUGH, d/b/a The Waugh Company, a dissolved corporation, Appellee.
No. 92-3734.
District Court of Appeal of Florida, First District.
December 14, 1993.
Kevin S. Sanders, Jacksonville, for appellant.
Lloyd T. Asbury, Jacksonville, for appellee.
PER CURIAM.
Appellant (plaintiff in the trial court) seeks review of an adverse summary final judgment entered in his action for money damages. We conclude that it was error to permit the action to proceed after the death of the defendant without requiring substitution of the defendant's estate. Accordingly, we reverse.
Appellant sued the defendant, Jeffrey K. Waugh, in his individual capacity, doing business as a dissolved Florida corporation. The complaint alleged that the defendant was indebted to appellant on account of services performed by appellant for the defendant. The defendant timely filed a motion to dismiss appellant's complaint. However, before that motion had been ruled upon, the defendant died. Appellant promptly filed a suggestion of death, requesting, pursuant to rule 1.260(a)(1), Florida Rules of Civil Procedure, that the defendant's estate be substituted as a party. Instead of ruling upon that request, the trial court permitted the attorney who had represented the defendant to continue to defend the case. After the motion to dismiss had been denied, the attorney was allowed to file an answer and affirmative defenses, and then a motion for summary judgment, which the trial court ultimately granted.
Upon the death of an indispensable party, the action abates until the deceased party's estate, or other appropriate legal representative, has been substituted pursuant to rule 1.260(a)(1). Floyd v. Wallace, 339 So.2d 653 (Fla. 1976). Accordingly, it was error for the trial court to enter judgment before the defendant's estate had been substituted as a party. Therefore, we reverse the summary final judgment, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
BARFIELD, ALLEN and WEBSTER, JJ., concur.