PATTERSON, Chief Judge.
This is an appeal from a costs judgment entered in a case dismissed pursuant to Florida Rule of Civil Procedure 1.260(a)(1). The plaintiff, Lana Campbell, died, and her counsel was unable to substitute a successor party as required by rule 1.260(a)(1). The trial court dismissed the action without prejudice and retained jurisdiction to assess costs. The proceeding to tax costs and the judgment for costs both occurred after Lana Campbell’s death and without the substitution of a successor party.
Lana Campbell, as the plaintiff, was an indispensable party to the action. “Upon the death of an indispensable party, the action abates until the deceased party’s estate, or other appropriate legal representative, has been substituted pursuant to rule 1.260(a)(1).” Cope v. Waugh, 627 So.2d 136, 136 (Fla. 1st DCA 1993) (citing Floyd v. Wallace, 339 So.2d 653 (Fla.1976)). There being no party against whom a judgment could be entered, the trial court erred in entering the judgment for costs. Accordingly, we reverse the costs judgment.[1]
Reversed.
DAVIS, J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.

. This is not a factual situation which can support a nunc pro tunc postmortem judgment. See generally Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975).
We do not reach the issue of whether costs can be assessed in a dismissal pursuant to Florida Rule of Civil Procedure 1.260(a)(1), which does not provide for an assessment of costs.