PETERSON, J.
Robert Ballard appeals a final judgment for damages against him in favor of Kenneth Wood, etc., et al (“Wood”).
This litigation began when Wood filed a declaratory judgment to determine a dispute over the ownership of a John Deere tractor. Wood amended the original complaint multiple times to add Ballard’s daughter, Theresa, as a co-defendant and to add counts for conversion, civil theft and replevin of the tractor and other farm equipment.
During the course of the litigation, Ballard’s attorney filed a motion to stay the proceedings alleging:' “The Defendant, Robert Ballard, had open heart surgery, in Houston, Texas, on February 14, 2002. During surgery he sustained a massive stroke and is in critical condition. Due to the foregoing the Defendant is unable to proceed at this time.” On March 8, 2002, the trial court denied Ballard’s motion and also ordered the release of the John Deere tractor to Wood upon proof of posting a $10,000.00 bond. On March 20, 2002, Ballard’s attorney filed a motion for the appointment of a guardian ad litem for Ballard because he “cannot speak or otherwise communicate. He is paralyzed on his entire right side and is presently on life support.” On March 21, 2002, Ballard’s attorney filed a letter of incapacitation from Kindred Hospital Bay Area Tampa supporting the earlier motion for the appointment of a guardian ad litem. The letter, on hospital letterhead, read:
Date of Admission: March 2, 2002
The patient [Ballard] is a patient at Kindred Hospital, on life support. The patient is critically ill. He also suffered a stroke and at this time the patient is incapable of making any decisions. He is not competent to make any decisions at this time.
Again, [t]he patient is critically ill, status post cerebrovascular accident and has not been able to make any decisions since he has been at Kindred Hospital. I do not see him improving substantially in the near future and that is at least for the next few months.
*1248 [[Image here]]
/s/Ashok K. Modh, M.D.
It does not appear that Ballard’s motion was ever scheduled for hearing, heard or acted upon. We surmise that the reason for this was that settlement negotiations between Theresa and Wood seemed successful, but ultimately failed, and because Ballard’s attorney moved to withdraw due to irreconcilable differences with his client.[1] The trial court granted Ballard’s attorney’s motion to withdraw just seven days later, and sent a copy of the order to Ballard’s home address. The record does not reflect where Ballard was located or his condition after the March 21, 2002 letter from his physician was filed, which indicated that it was impossible to communicate with Ballard because of his medical condition. Thereafter, the litigation proceeded without Ballard’s presence, although it seems inescapable that his incapacity was known by the court, Wood and Wood’s attorney. Additionally, the trial court dismissed Theresa Wood from the action just prior to an unopposed bench trial that resulted in treble damages against Ballard. It was after that judgment was entered that Ballard’s attorney, who was also Theresa’s attorney prior to her dismissal, made an appearance and filed a notice- of appeal on behalf of Ballard.
Ballard now contends that at the time of the trial he was incompetent and incapacitated, and that his incompetence and incapacitation was known to the trial court. Further, Ballard contends that despite a denied motion to stay the proceedings and an unheard motion for appointment of a guardian ad litem, Wood had a duty to file a suggestion of incompetency with the trial court. Wood, on the other hand, submits that the co-defendant, Theresa Ballard, should have filed a sug-gestión of incompetence prior to trial. Of course, the filing of a suggestion of incompetency by either of them would have been superfluous because Ballard’s attorney had informed everyone of his client’s condition in his subsequent motion to stay and for appointment of a guardian ad li-tem, both of which were either denied or ignored.
Florida Rule of Civil Procedure 1.260(b) provides:
(b) Incompetency. If a party becomes incompetent, the court, upon motion served as provided in subdivision (a) of this rule, may allow the action to be continued by or against that person’s representative.
Rule 1.260(a) to which Rule 1260(b) refers, states:
(a) Death
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon record by service of a statement of the fact of the death in a manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
Apparently, the committee drafting rule 1.260(b) did not feel that a separate section was necessary in order to detail the procedure to follow in the event of the incompetency of a defendant and directed that the procedure described in rule 1.260(b), appli *1249 cable to a death of a party, would also be used when a party becomes incompetent. One complex aspect of the rule is the sanction when no substitution is made for a party so that a successor or representative can carry on with the litigation. The sanction is the dismissal of a deceased party. That sanction may be logical when the incompetent is the plaintiff, but it places the plaintiff in a quandary when the defendant becomes incompetent. If no substitution is made within ninety days by a person acting on behalf of a defendant, the burden falls upon the plaintiff to evaluate the benefits of proceeding with the litigation and then determine whether to initiate estate or guardianship proceedings.
In Cope v. Waugh, 627 So.2d 136 (Fla. 1st DCA 1993), the plaintiff filed a suggestion of the defendant’s death pursuant to rule 1.260(a)(1) and requested the trial court to order a substitution of the defendant’s estate. Instead of ruling on the request, the trial court allowed the defendant’s attorney to continue to defend against the plaintiffs claim. The defense was successful and a judgment was entered against the plaintiff. The first district reversed and found that the action should have been abated until the defendant’s estate had been substituted.
Although Ballard’s attorney did not cite rule 1.260 in his motions to stay the proceedings and for appointment of a guardian ad litem, the content of the motions adequately apprised the court and other parties of Ballard’s incompetency and the motions should have been treated as a suggestion of incompetency. When the trial court became aware of Ballard’s incompetency the action should have been abated pursuant to rule 1.260(a)(1) until a guardian had been substituted for Ballard even if Wood had to initiate those proceedings. The failure to do so nullified subsequent proceedings.
Review of the record also reveals that although Ballard answered the initial complaint against him, the trial appears to have been conducted on the allegations contained in a second amended complaint. The record does not contain an order allowing this amendment and Ballard has never made a response to this version of the complaint.
We vacate the judgment and remand to the trial court for further proceedings to include the appointment of an attorney ad litem for Ballard to investigate Ballard’s location and competence if either Ballard or counsel for him fails to make an appearance. If Ballard is in the condition described in the physician’s report, the action should be dismissed as to him in accordance with rule 1.260(a)(1) unless a successor or personal representative makes an appearance on his behalf within the period prescribed by rule 1.260(a)(1).
REVERSED and REMANDED.
SHARP, W., and TORPY, JJ., concur.

. The motion to withdraw did not include Ballard's address or indicate that it was served upon him as required by Florida Rule of Judicial Administration 2.060(1).