881 So.2d 707 (2004)
Camilo VERA, Appellant,
v.
Chamberland ADELAND, Appellee.
No. 3D02-3349.
District Court of Appeal of Florida, Third District.
September 9, 2004.
*708 Jason S. Remer and J.H. Zidell, for appellant.
Adams & Adams, P.A., and Derek B. Barba, Miami, for appellee.
Before COPE, SHEVIN and RAMIREZ, JJ.
*709 COPE, J.
Plaintiff-appellant Camilo Vera appeals the dismissal of his complaint against defendant-appellee Chamberland Adeland for failure to substitute an appropriate party upon the death of the defendant. We reverse.
The plaintiff sued the defendant for negligence in an automobile accident case. The defendant, a Canadian citizen, was represented by counsel provided through his automobile insurance policy.
The defendant's counsel filed a suggestion of death, stating that the defendant had passed away. Under Florida Rule of Civil Procedure 1.260(a)(1), this filing triggered a ninety-day period for substitution of a new party defendant.
On the ninety-sixth day, successor defense counsel served a motion to dismiss the action because the plaintiff had not moved to substitute a proper party defendant in place of the decedent. The plaintiff then requested an extension of time and soon thereafter filed a motion for substitution of parties. The court dismissed the action because the plaintiff had not moved to substitute parties, or filed a motion for extension of time, within ninety days. This appeal follows.

II.
The plaintiff first argues that the suggestion of death filed by defense counsel was legally insufficient because it contained no information about the date and location of the defendant's death, and did not state whether an estate had been opened. The plaintiff maintains that if a suggestion of death does not reveal such information, it should be deemed legally insufficient to start the ninety-day time period for substitution of parties. We reject this argument.
Rule 1.260 states, in part:
Rule 1.260. Survivor; Substitution of Parties
(a) Death.
(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
Fla. R. Civ. P. 1.260(a)(1) (emphasis added).
The purpose of the rule is to provide an orderly procedure and timetable for substitution where a party has died during the course of the litigation. The rule does not spell out any specific requirements for the content of the suggestion of death, and we decline to add requirements that are not stated in the rule.
In this case, the suggestion of death stated in its entirety, "Comes now, the undersigned counsel for the Defendant, Adeland Chamberland, [and] state[s] that he has been notified that the Defendant, Adeland Chamberland, died approximately one year ago." The rule does not require anymore specificity than this, although the better practice is to include the details relevant for substitution purposes. See Bruce J. Berman, Florida Civil Procedure ¶ 260.4, at 281 (2004 ed.) ("Although not expressly required by the language of the rule, the suggestion should include information *710 necessary for any other party to move for substitution, such as `the status of the estate, identity of the personal representative, or ... the identity of next of kin or successors in interest.'") (footnote omitted).
If we were to accept the plaintiff's argument, there would never be any certainty about how to calculate the time period after the suggestion of death is filed. Under the plaintiff's analysis, the ninety-day deadline can always be avoided if the suggestion of death omits any detail regarding the decedent's demise and the existence of an estate. The plaintiff's theory is unworkable. The rules regarding calculation of time limits need to operate in a clear and predictable way.
Here, the defense filed a document entitled suggestion of death, which advised the parties that the decedent had died. Unilluminating though it is, the document started the ninety-day time period.
Where, as here, defense counsel files an abbreviated suggestion of death, plaintiff's counsel should (a) contact opposing counsel for information regarding the date and place of death, and such information as defense counsel may have regarding whether an estate has been opened, see Scutieri v. Miller, 584 So.2d 15 (Fla. 3d DCA 1991); or (b) propound discovery directed at obtaining the same information, or (c) both. If the ninety-day period proves to be insufficient, a request for extension of time may be made.
The parties are in agreement that as a general rule, if an estate has been opened, then the decedent's personal representative should be substituted. If no estate has been opened, then another appropriate representative, such as a guardian ad litem, will need to be substituted.

III.
The plaintiff alternatively argues that under Florida Rule of Civil Procedure 1.090 he was entitled to an extension of time to substitute parties. Under the circumstances here, we agree. We note that Florida has a long-standing policy to determine civil disputes on the merits. See North Shore Hospital Inc. v. Barber, 143 So.2d 849 (Fla.1962); Thomas v. Feinberg, 745 So.2d 500 (Fla. 3d DCA 1999).
The record indicates confusion and inconsistency over the question whether an estate had been opened for the decedent. It was the court's recollection that this issue had been discussed at some point after the suggestion of death was filed, and that defense counsel had advised plaintiff's counsel in the hearing that there was no estate. However, defense counsel clarified (at the hearing on the motion to dismiss) that he was referring to the fact that an estate had not been opened for the decedent in the United States. In June 2002, after the defense filed the motion to dismiss, successor defense counsel advised plaintiff that while no estate had been established in Florida for the decedent, an estate was established in Canada. In view of the confusion on this issue, we conclude that excusable neglect was shown by the plaintiff and an extension of time for substitution should have been granted. See Tucker v. Firestone Tire and Rubber Co., 552 So.2d 1178, 1179 (Fla. 2d DCA 1989); Pearl v. Kelly, 442 So.2d 1012, 1013 (Fla. 3d DCA 1983).
Reversed and remanded for further proceedings consistent herewith.