TAYLOR, J.
 

 Plaintiffs, Yuliya Deych and Boris Bezrodnyy, sued the defendant, Robert Levinsohn, alleging that he negligently drove his car and struck Deych as she was walking her bicycle across the street. The defendant, through counsel, filed an answer and affirmative defenses. The case was set for jury trial on the trial court’s September 2008 docket. However, on July 27, 2008, the defendant died. Because the trial court erred in proceeding with the action after the defendant’s death and failing to substitute the estate of the decedent as a party, we reverse the final judgment and order a new trial.
 

 On August 6, 2008, unaware of the defendant’s death, defense counsel filed a motion in limine to exclude argument at trial on any inferences of negligence based on the defendant’s anticipated absence at trial, due to his terminal cancer. As soon as he learned that the defendant died on July 27, he notified the court and plaintiffs’ counsel. Defense counsel filed a suggestion of death on August 14. However, instead of seeking to abate the proceedings until the decedent’s Estate could be substituted as a party at trial, defense counsel continued to defend the case.
 

 On September 2, 2008, defense counsel filed a notice of admission of liability, wherein he admitted liability by the defendant and asserted that no claim of comparative negligence would be made against Deych. Then, on September 22, 2008, the case went to trial on damages only. After three days of trial, the jury returned a verdict in favor of Deych and against the deceased in the sum of $1,600,292.00. About two weeks later, on October 7, 2008, the court entered a Final Judgment against the deceased defendant, Robert Levinsohn.
 

 Several weeks before trial, the Estate of Robert Levinsohn was opened in New York and represented by counsel there. This was unknown, however, to the parties. Deych filed a Motion to Substitute the Personal Representative of the Estate of Robert Levinsohn as a Party. Deych alleged in her motion that she had just learned of the Estate’s existence in New York and that as she obtained more details about the Estate she would complete the substitution. She sent the motion only to
 
 *799
 
 defense counsel and did not serve it on the New York Estate.
 

 On October 10, 2008, defense counsel filed a Motion for New Trial, Stay in Proceedings, and Joinder of Indispensable Party (the Estate of Levinsohn); or Alternatively for Relief from Judgment, or Alternatively for Remittitur. The motions essentially argued that case should not have proceeded to trial without substitution of the Estate as the defendant after the suggestion of death was filed.
 

 On October 14, 2008, the Estate of Robert Levinsohn filed a motion to intervene and to join in the motions filed by defense counsel. Plaintiffs opposed the post-trial motions, asserting that the deceased defendant, through his insurance company, was seeking “another bite of the apple.” They argued that the defendant’s insurance company controlled the litigation and the necessary parties were present, actually or constructively, at trial. They also pointed out that defense counsel never objected to going forward with the trial, that he communicated with Carol Schaeffler (the decedent’s daughter and most likely person to become the personal representative) and kept her fully informed of the case’s developments, and assured plaintiffs that once the Estate was opened, the appropriate substitution would take place. Plaintiffs argued that substitution was merely a perfunctory matter and asked the court to amend the final judgment once there was a substitution of parties.
 

 On January 6, 2009, the court entered an agreed order substituting the Estate as party-defendant; the order was entered without prejudice to any post-trial motions filed by Defendant or the Estate. The court later held a hearing and denied the motion for new trial. It also denied the Estate’s motion to intervene. Plaintiffs filed a Motion to Vacate Judgment against Former Defendant, Robert Levinsohn, Deceased, and for Entry of Judgment Against the Estate of Robert Levinsohn. The motion alleged mistake in entering the judgment against the decedent, and requested that the judgment be entered against the Estate. On February 5, 2009, the trial court entered an order granting plaintiffs’ motion to vacate and entered Final Judgment in favor of plaintiffs against the Estate in the amount of $1,600,292. The Estate appealed the judgment.
 

 The Estate argues that the procedures that culminated in entry of the final judgment against the Estate violated its due process rights. The trial court never obtained jurisdiction over the New York Estate and the Estate was given no notice and opportunity to appear in the proceedings. Further, because the defendant died before trial and no rule 1.260 substitution of the Estate occurred before trial, the subsequent trial, verdict, and final judgment against the Estate were all null and void.
 

 Courts utilize a
 
 de novo
 
 standard of review for issues involving construction of procedural rules, such as the Florida Rules of Civil Procedure.
 
 Barco v. Sch. Bd. of Pinellas County,
 
 975 So.2d 1116, 1121 (Fla.2008) (citing
 
 Saia Motor Freight Line, Inc. v. Reid,
 
 930 So.2d 598, 599 (Fla.2006)).
 

 If an indispensible party to an action dies, “the action abates until the deceased party’s estate, or other appropriate legal representative, has been substituted pursuant to rule 1.260(a)(1).”
 
 Cope v. Waugh,
 
 627 So.2d 136, 136 (Fla. 1st DCA 1993) (citing
 
 Floyd v. Wallace,
 
 339 So.2d 653 (Fla.1976)). Florida Rule of Civil Procedure 1.260(a)(1) (2008) provides that:
 

 If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.
 
 *800
 
 The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons.
 

 The motion must be made within 90 days or “the action shall be dismissed as to the deceased party.” Fla. R. Civ. P. 1.260(a)(1). The purpose of this rule “is to facilitate the rights of persons having lawful claims against estates being preserved, so that otherwise meritorious actions will not be lost.”
 
 Scott v. Morris,
 
 989 So.2d 36, 37 (Fla. 4th DCA 2008) (citations omitted).
 

 When defense counsel files a suggestion of death, “plaintiffs counsel should (a) contact opposing counsel for information regarding the date and place of death, and such information as defense counsel may have regarding whether an estate has been opened,
 
 see Scutieri v. Miller,
 
 584 So.2d 15 (Fla. 3d DCA 1991); or (b) propound discovery directed at obtaining the same information, or (c) both.”
 
 Vera v. Adeland,
 
 881 So.2d 707, 710 (Fla. 3d DCA 2004). Generally, if the decedent’s estate has been opened, then the personal representative should be substituted in place of the decedent; however, “[i]f no estate has been opened, then another appropriate representative, such as a guardian ad litem, will need to be substituted.”
 
 Id.
 
 Failure to substitute the proper representative or guardian nullifies subsequent proceedings.
 
 See Ballard v. Wood,
 
 863 So.2d 1246, 1249 (Fla. 5th DCA 2004) (finding failure to substitute pursuant to rule 1.260(a)(1) nullified the subsequent proceedings).
 

 In
 
 Cope v. Waugh,
 
 627 So.2d 136, 136 (Fla. 1st DCA 1993), the plaintiff sued the defendant on account of services performed for the defendant. The defendant filed a motion to dismiss the plaintiffs complaint; however, the defendant died before the court ruled on the motion.
 
 Id.
 
 The plaintiff filed a suggestion of death requesting substitution of the defendant’s estate as a party.
 
 Id.
 
 Rather than ruling on that request, the court allowed defense counsel to continue defending the case.
 
 Id.
 
 After the motion to dismiss was denied, defense counsel filed an answer and affirmative defenses, and a motion for summary judgment, the latter of which the court granted.
 
 Id.
 
 On appeal, the first district reversed the summary final judgment, explaining that when an indispensi-ble party dies, the action abates until the proper representative has been substituted.
 
 Id.
 
 The court held that the trial court erred in entering a judgment before the defendant’s estate had been substituted as a party.
 
 Id.
 

 In
 
 Floyd v. Wallace,
 
 339 So.2d 653, 654 (Fla.1976), the plaintiff filed suit against the defendant to rescind and cancel a quitclaim deed and to have a diamond ring returned. Two days after the complaint was served on the defendant, the plaintiff died.
 
 Id.
 
 Five months later, plaintiffs counsel moved for default, which was entered.
 
 Id.
 
 Then plaintiffs counsel filed the suggestion of death, moved for substitution of the personal representative as the party-plaintiff, and moved for final judgment, which was granted.
 
 Id.
 
 The Florida Supreme Court, citing
 
 Izlar v. Slyke,
 
 94 Fla. 1218, 115 So. 516 (1928), reiterated the rule that “the death of an indispensible party before a decree pro confesso or before a final decree abates the action, which must be revived by bringing in a legal representative.”
 
 Id.
 
 The
 
 Floyd
 
 court reasoned that “[t]he instant cause of action abated upon the death of [plaintiff], an indispensible party, and the trial court erred in adjudicating the rights of the
 
 *801
 
 parties without having all of them actually or constructively before it.”
 
 Id.
 

 In
 
 Campbell v. Napoli,
 
 786 So.2d 1232, 1232 (Fla. 2d DCA 2001), where the trial court dismissed the action after the plaintiff died and entered a judgment for costs, the second district reversed the judgment, holding there was “no party against whom a judgment could be entered, [and] the trial court erred in entering the judgment for costs.”
 

 Here, error occurred when the action was not abated upon Levinsohn’s death. Levinsohn, the sole defendant in the action, was an indispensible party. Based on
 
 Cope
 
 and
 
 Floyd,
 
 the action should have been abated in August 2008, upon the filing of the suggestion of death, and until such time as a proper party, such as the Estate, could be substituted. Because the Estate was not yet opened and the personal representative was not yet known for certain, another appropriate legal representative should have been substituted, such as a guardian ad litem, to represent the interests of the Estate.
 
 See Vera,
 
 881 So.2d at 710. However, this action was not taken. Therefore, because there was not a proper party in place at trial, the proceedings were a nullity.
 
 See Ballard,
 
 863 So.2d at 1249.
 

 Ultimately, after the trial on damages, the trial court entered a $1.6 million judgment against the deceased defendant. As in
 
 Cope,
 
 wherein the first district held that the trial court erred in entering a judgment before the decedent’s estate had been substituted, the trial court in this case erred in proceeding to trial and entering a final judgment against the decedent when his estate had not yet been properly substituted. Further, there was “no party against whom a judgment could be entered,” as the defendant died and neither the Estate, nor any other appropriate legal representative, was substituted.
 
 Campbell,
 
 786 So.2d at 1232.
 

 The death of a party limits the authority of counsel to proceed in the underlying action.
 
 Harrison-French v. Elmore,
 
 684 So.2d 323, 324 (Fla. 3d DCA 1996). Here, after defense counsel filed the suggestion of death, he continued to represent the defendant throughout the trial and beyond. This was improper, because his authority to proceed in the negligence action became limited.
 
 See id.
 
 Defense counsel lacked authority to file the admission of liability on behalf of the defendant in September 2008 or to go to trial.
 

 Moreover, the Estate’s due process rights were violated. Plaintiffs’ motion to substitute the personal representative as a party-defendant was never served on the Estate, nor was a notice of hearing.
 
 See Metcalfe v. Lee,
 
 952 So.2d 624, 629 (Fla. 4th DCA 2007) (stating “[a] notice of hearing must accompany the motion”); Fla. R. Civ. P. 1.260(a)(1) (providing both the motion of substitution and the notice of hearing
 
 shall
 
 be made in accordance with the service of a summons when it is made on a non-party).
 

 Plaintiffs argue that the final judgment should be affirmed because the Estate was “constructively” before the court during the trial. According to plaintiffs, trial counsel was in contact with the co-personal representative and the Estate was aware of the proceedings. They further argue that the outcome of the trial would have been the same had the Estate been substituted and urge us “not to allow the insurance company a second bite at the apple over an illogical, hyper-technical application of a rule of civil procedure.”
 

 For its position that the Estate was constructively before the court, plaintiffs loosely rely on some language in
 
 Floyd.
 
 
 *802
 
 There, the court stated that “[t]he instant cause of action abated upon the death of [plaintiff], an indispensible party, and the trial court erred in adjudicating the rights of the parties without having all of them actually or constructively before it.”
 
 Floyd,
 
 389 So.2d at 654. However, it is apparent to us that the court was referring to a party being “actually or constructively” before the court because of actual or constructive service of process on that party. In this case, it is undisputed that the Estate was never actually or constructively served with process and no attorney ever entered a general appearance for the Estate before entry of the original final judgment. Moreover, the personal representatives of the Estate were never physically present at trial. In fact, when the Estate sought to participate in the proceedings before the subsequent final judgment was entered, its motion to intervene was denied.
 

 Accordingly, we reverse the final judgment and remand for a new trial.
 

 Reversed and Remanded.
 

 WARNER and MAY, JJ., concur.