DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LIAN DE LA RIVA,** as Curator of the Estate of **JAMES P. TODD,**
deceased, and **STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,**
Appellants,

v.

**ALFONSO CHAVEZ,**
Appellee.

No. 4D19-1371

[September 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE 13-017912(04).

Warren B. Kwavnick of Cooney Trybus Kwavnick Peets, PLC, Fort Lauderdale, for appellants.

Brian M. Rodier and Jason C. Fezza of Rodier & Rodier, P.A., Hallandale, and Andrew A. Harris of Burlington & Rockenbach, P.A., West Palm Beach, for appellee.

FORST, J.

Lian de la Riva and State Farm Automobile Insurance Company ("Defendants") appeal from the trial court's order granting Alfonso Chavez's ("Plaintiff") motion for attorney's fees, premised on the proposal for settlement that had been served by Plaintiff. Defendants argue that the court erred by granting Plaintiff's motion because the proposal for settlement was a legal nullity, having been served after the death of the original defendant and prior to the proper substitution of his estate as party defendant. We agree and reverse.

**Background**

In July 2013, Plaintiff filed a motor vehicle negligence action against James P. Todd. Defendant Todd was represented by staff counsel employed by his liability insurance company, State Farm.

Defendant Todd died in December 2013 and defense counsel timely filed a suggestion of death. The next day, Plaintiff requested that the Estate of James P. Todd be substituted as party defendant. After receiving no information on the status of the estate, Plaintiff filed a motion to compel defense counsel to disclose the status. The trial court ordered Plaintiff to "properly set up the estate for Defendant" and to "[s]ubstitute the Defendant's Estate" for Defendant Todd. In the meantime, an estate was opened for Todd in probate court in the Eleventh Judicial Circuit in Miami-Dade County; no personal representative was appointed. Nonetheless, back in the Seventeenth Judicial Circuit in Broward County, Plaintiff filed a First Amended Complaint on October 8, 2014, identifying "John Doe" as the personal representative of Todd's estate and substituting "John Doe" for Todd as party defendant. This complaint was served on defense counsel; it was not served on any representative of the estate.

The Miami-Dade probate court appointed Lian de la Riva as curator of Todd's estate on July 23, 2015. The curator was given full authority to defend and initiate all lawsuits on behalf of the estate and to have counsel to represent her and the estate on all matters, with the approval of the court.[1] At that time, Plaintiff failed to substitute de la Riva for "John Doe" as party defendant in the personal injury case.

On December 18, 2015, Plaintiff tendered a $40,000 proposal for settlement of his personal injury complaint, pursuant to section 768.79, Florida Statutes (2015), and Florida Rule of Civil Procedure 1.442. The proposal identified the Estate of James P. Todd as party defendant and was sent by email to State Farm's counsel and de la Riva. Plaintiff received no response to this proposal.

Defendants filed an October 2016 motion to dismiss Plaintiff's First Amended Complaint with prejudice, arguing that the complaint named the defendant as "John Doe, Personal Representative of the Estate of James Todd," whereas de la Riva had been appointed as curator of the estate and there was no one appointed as personal representative. Defendants further argued that there had been no order from the court substituting the Estate of James P. Todd in as party defendant to Plaintiff's complaint.

The trial court granted Defendants' motion to dismiss without prejudice on February 2, 2017 and ordered Plaintiff to properly substitute the estate

---

[1] "'Curator' means a person appointed by the court to take charge of the estate of a decedent until letters [of administration] are issued [to a personal representative of the estate]." § 731.201(8), Fla. Stat. (2014).

as party defendant. The next day, Plaintiff filed a Second Amended Complaint identifying the defendant as "Lian de la Riva, Esq., as Curator of the Estate of James P. Todd, deceased."

The matter proceeded to a jury trial on May 9, 2018, which resulted in a verdict for Plaintiff in the amount of $112,118.32. Plaintiff moved for attorney's fees and costs pursuant to Defendants' rejection of his prior proposal for settlement of $40,000. Defendants opposed Plaintiff's motion for attorney's fees and argued that because the first amended complaint failed to name the curator of the estate as defendant, Plaintiff's proposal for settlement was a legal nullity. The trial court held a hearing on the motion and ruled in Plaintiff's favor, finding that the 2015 proposal for settlement was valid. This appeal followed.

## Analysis

"A party's entitlement to attorneys' fees is reviewed *de novo*." *Weiner v. Maulden*, 267 So. 3d 1045, 1047 (Fla. 4th DCA 2019). Similarly, "[c]ourts utilize a *de novo* standard of review for issues involving construction of procedural rules, such as the Florida Rules of Civil Procedure." *Schaeffler v. Deych*, 38 So. 3d 796, 799 (Fla. 4th DCA 2010) (citations omitted).

Florida Rule of Civil Procedure 1.260(a) addresses the death of an indispensable party during the course of litigation. Rule 1.260(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.

Fla. R. Civ. P. 1.260(a)(1) (2014).

"If an indispens[a]ble party to an action dies, 'the action abates until the deceased party's estate, or other appropriate legal representative, has been substituted pursuant to [R]ule 1.260(a)(1).'" *Schaeffler*, 38 So. 3d at 799 (quoting *Cope v. Waugh*, 627 So. 2d 136, 136 (Fla. 1st DCA 1993)).

3

Moreover, the "[f]ailure to substitute the proper representative or guardian nullifies subsequent proceedings." *Id.* at 800; *see also Ballard v. Wood*, 863 So. 2d 1246, 1249 (Fla. 5th DCA 2004) (finding that a failure to substitute pursuant to Rule 1.260(a)(1) nullified the subsequent proceedings).

"[I]t is well-settled that 'an "[e]state" is not an entity that can be a party to litigation. It is the personal representative of the estate, in a representative capacity, that is the proper party.'" *Spradley v. Spradley*, 213 So. 3d 1042, 1045 (Fla. 2d DCA 2017) (quoting *Ganske v. Spence*, 129 S.W.3d 701, 704 n.1 (Tex. App. 2004)). "[O]nly when the proper party is in existence may it then be *properly served and substituted . . . .*" *Stern v. Horwitz*, 249 So. 3d 688, 691 (Fla. 2d DCA 2018) (citations omitted) (emphasis added).

Here, Plaintiff initially complied with the procedures of Rule 1.260(a)(1) by contacting opposing counsel and requesting information regarding the opening of the decedent's estate. *See Vera v. Adeland*, 881 So. 2d 707, 710 (Fla. 3d DCA 2004). Error occurred, however, when Plaintiff elected to actively continue the litigation, pursuant to his complaint filed against the fictitious "John Doe," commenced when no estate had been opened and no personal representative appointed. *See In re Marriage of Kirby*, 280 So. 3d 98, 100 (Fla. 4th DCA 2019); *Adeland*, 881 So. 2d at 710 ("If no estate has been opened, then another appropriate representative, such as a guardian ad litem, will need to be substituted."); *see also Mattick v. Lisch*, 43 Fla. L. Weekly D2467 (Fla. 2d DCA Nov. 2, 2018). Proper procedure required the abatement of the proceedings until such time as a personal representative of the estate could be (and actually had been) substituted as party defendant and served with the complaint. *See In re Marriage of Kirby*, 280 So. 3d at 100.

After the probate court named de la Riva as the estate's curator, Plaintiff failed to formally serve her with the October 8, 2014 amended complaint, nor did he change the complaint's identification of the defendant as "John Doe, as Personal Representative of the Estate of James Todd." Thus, the first amended complaint violated Rule 1.260(a)(1) and the subsequent proceedings prior to the filing of the second amended complaint were a nullity. *See Schaeffler*, 38 So. 3d at 799-800. Plaintiff's proposal for settlement, served prior to the proper substitution of the estate for the deceased defendant, was served in violation of Rule 1.260(a)(1), rendering it invalid. *See id.*

Not only does Plaintiff's proposal for settlement fail due to the procedural violations of Rule 1.260, but in a corresponding manner, the

proposal for settlement violated Florida Rule of Civil Procedure 1.442. This rule governs proposals for settlement and provides:

> Service of Proposal. A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant; a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced. No proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier.

Fla. R. Civ. P. 1.442(b) (2015).

The plain language of Rule 1.442(b) requires a plaintiff to wait at least 90 days after service of process on the defendant before serving a proposal for settlement. As discussed above, the proper party defendant—upon whom it was necessary to serve the proposal for settlement—was Lian de la Riva as curator of the decedent's estate. Lian de la Riva was not properly served with the first amended complaint; she was served with the second amended complaint on February 3, 2017. Plaintiff served his proposal for settlement sixteen months prior to this date. As such, the proposal for settlement was premature.

Proposals for settlement made in violation of the timing requirements of Rule 1.442(b) are invalid. *See Regions Bank v. Rhodes*, 126 So. 3d 1259, 1261 (Fla. 4th DCA 2013) ("Under Rule 1.442, any premature offer is an invalid offer."); *see also Design Home Remodeling Corp. v. Santana*, 146 So. 3d 129, 132–33 (Fla. 3d DCA 2014) (explaining that strict compliance with the timing requirements of Rule 1.442(b) is mandatory and premature proposals for settlement are invalid).

Because Plaintiff's proposal for settlement violated the timing requirements of Rule 1.442(b), the proposal is invalid and cannot serve as the basis for an award of attorney's fees.

### Conclusion

Plaintiff's proposal for settlement violated the party substitution requirements of Rule 1.260(a)(1) and the timing requirements of Rule 1.442(b). Because the proper procedure was not observed, Plaintiff's proposal for settlement was a legal nullity and invalid. As such, it cannot serve as a basis for the award of attorney's fees. Accordingly, the order granting Plaintiff's motion for attorney's fees and costs below is reversed.

*Reversed.*

DAMOORGIAN and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***