DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD DESBRUNES,**
Appellant,

v.

**US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-AM1,**
Appellee.

No. 4D2022-2647

[February 14, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. CACE19002572.

S. Alan Johnson of Sajlaw P.A., Fort Myers, for appellant.

Sara F. Holladay, Emily Y. Rottmann, and Kathleen Dackiewicz of McGuireWoods LLP, Jacksonville, for appellee.

WARNER, J.

Appellant, an heir of the deceased mortgagor, appeals a final summary judgment of foreclosure, claiming that the court erred in denying a motion to abate the proceedings pursuant to a suggestion of death and by entering final judgment in favor of the appellee mortgagee. Because the court entered judgment without the presence of the deceased mortgagor's legal representative, the final summary judgment of foreclosure is a nullity. We reverse.

When the mortgagor died, his attorney filed a suggestion of death. Appellee mortgagee then moved to amend its complaint to add the heirs of the decedent, including appellant, as party defendants, which the trial court granted.[1] Though timely filed and served, this motion was clearly

---

[1] The fact that the pleading was styled a "motion to amend" rather than a "motion to substitute" is not determinative. *See Green v. Polukoff*, No. 4D2022-2818, ---

improper under Florida Rule of Civil Procedure 1.260(a), which requires the joinder of the "proper parties." For a deceased party, the joinder of the estate's legal representative, such as the personal representative, is required. *See De La Riva v. Chavez*, 303 So. 3d 955, 958 (Fla. 4th DCA 2020); *Schaeffler v. Deych*, 38 So. 3d 796, 801 (Fla. 4th DCA 2010). A decedent's heirs are not legal representatives of the decedent.

Appellant and the other heirs were served with the complaint, and when they failed to respond, appellee obtained a clerk's default. Appellee also secured the trial court's appointment of an administrator ad litem and guardian ad litem to represent any unknown heirs. This too was improper. *See Gomez v. Fradin*, 199 So. 3d 554, 556 (Fla. 4th DCA 2016) (Warner, J., concurring) ("[N]othing in rule 1.260 provides that the trial court has authority to appoint a representative of the deceased. The rule merely requires that the decedent be substituted by 'successors or authorized representatives.' Fla. R. Civ. P. 1.260(a)(1). In the case of a decedent, that requires the action of the probate court to open an estate and appoint a personal representative for the decedent."); *Wallace v. Keldie*, 249 So. 3d 747, 751 (Fla. 1st DCA 2018) ("[A] plaintiff's remedy when a defendant dies and no probate estate is opened is to petition for administration of the estate as an unsecured creditor."); Wm. Fletcher Belcher, *Redfearn Wills & Admin. in Fla.* § 11:22 (Nov. 2023) ("The proper person [to be substituted for the deceased party in pending litigation] is the authorized representative of the decedent's estate, as appointed by the probate court, and not a representative appointed by the court presiding over the pending litigation.").

Trying to set the matter aright, the deceased mortgagor's former attorney filed a motion to abate the action pending appointment of a representative for the estate, but this motion was denied. Appellee moved for summary judgment of foreclosure and the court granted the motion and entered final judgment of foreclosure.

The court erred in denying the motion to abate and entering a final summary judgment without substituting a legal representative of the mortgagor's estate. "Failure to substitute the proper representative or guardian nullifies subsequent proceedings." *Schaeffler*, 38 So. 3d at 800; *see also Ballard v. Wood*, 863 So. 2d 1246, 1249 (Fla. 5th DCA 2004) (finding that a failure to substitute pursuant to rule 1.260(a)(1) nullified the subsequent proceedings); *De la Riva*, 303 So. 3d at 958–59 (same). Accordingly, all action after the suggestion of death was a legal nullity and

---

So. 3d ---, 2024 WL 172634, at *2 (Fla. 4th DCA Jan. 17, 2024). But the motion to amend was insufficient because it did not seek to join the proper parties.

invalid because the proper party was not before the trial court.  Reversal is required.

*Reversed and remanded for further proceedings.*

DAMOORGIAN and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**