# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-29
Lower Tribunal No. 18-3711
_____


**King Tyson, Inc., et al.,**
Appellants,

vs.

**Marta Soto Perez, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Charlip Law Group, L.C., and David H. Charlip, for appellants.

The Rousso Boumel Law Firm, and Darren J. Rousso; Philip D. Parrish, P.A., and Philip D. Parrish, for appellees.


Before EMAS, FERNANDEZ and GORDO, JJ.

GORDO, J.

King Tyson, Inc., Kingland Realty Corp, Inc., Isaiah King, Joyce King and Carolyn King (collectively, "Defendants"), appeal a final judgment entered after a jury verdict in favor of Marta Soto Perez and Miriam Tapari, as co-personal representatives of the estate of Jonathan Soto. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in part and reverse in part.

After the entry of an earlier order striking Defendants' pleadings for failure to comply with discovery demands, the trial court entered a final judgment against Defendants. On appeal, Defendants argue it was error for the trial court to enter judgment against the deceased defendant, Isaiah King. We agree and therefore reverse the final judgment to the extent it includes Isaiah King. See Campbell v. Napoli, 786 So. 2d 1232, 1232 (Fla. 2d DCA 2001) (holding "[t]here being no party against whom a judgment could be entered, the trial court erred in entering the judgment").

We affirm the final judgment in all other respects. See Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) ("It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion."); Phillips v. Mitchell's Lawn Maint. Corp., 306 So. 3d 305, 306 (Fla. 3d DCA 2020) ("[I]t was unnecessary for the trial court to

2

provide written findings pursuant to <u>Kozel v. Ostendorf</u>, 629 So. 2d 817 (Fla. 1993), before striking pleadings as a sanction. <u>Kozel</u> is applicable to misconduct by counsel for a party, not (as here) where the entirety of the misconduct is attributable to the party."); <u>Ledo v. Seavie Res., LLC</u>, 149 So. 3d 707, 710-11 (Fla. 3d DCA 2014) ("Since [appellant] was sanctioned for his own failures to comply . . . *Kozel* has no application here. Rather, this matter falls within the *Mercer/Ham* rubric, which mandates a determination and findings of willful or deliberate disregard of a court's authority . . . . In this case, the record is not susceptible to more than one interpretation— [appellant's] conduct clearly constituted willful or deliberate disregard for the court's November 7 order—and, it is clear that the trial judge made the conscious determination that [appellant's] failure to respond to [appellee's] interrogatories was more than a mistake, neglect or inadvertence.") (footnote omitted).

Affirmed in part; reversed in part and remanded.